## Chicago City Railway Company v. Peter Nelson.

### Gen. No. 11,560.

1. CONTRIBUTORY NEGLIGENCE—*when question of, waived, as one of law.*  The question of contributory negligence as one of law is waived where the defendant has caused such question to be submitted to the jury as one of fact.

2. CONTRIBUTORY NEGLIGENCE—*when attempt to cross street car tracks is not, as a matter of law.*  Whether an attempt to cross street-car tracks after having looked and seen a car approaching thereon, is negligence, is a question of fact to be determined by the jury from all the circumstances shown.

3. MEASURE OF DAMAGES—*when error in instruction upon, cannot be complained of.*  Notwithstanding there may be error in an instruction upon the measure of damages, yet such an error will not reverse where no contention is made that the verdict is excessive.

4. INSTRUCTION—*what particular phrases of, not erroneous.*  The use by the plaintiff in his instructions of the phrases "plaintiff's case," and "his case," held in this case not erroneous.

5. INSTRUCTION—*when particular clause of, not erroneous.*  A clause in an instruction as follows: "preponderates in his favor although but slightly," though subject to criticism, will not reverse.

6. NEGLIGENCE—*when modification of instruction pertaining to, will not reverse.*  Where an instruction is asked which tells the jury that if the plaintiff did certain things detailed in the instruction, or failed to do certain other things, then they should find the defendant not guilty, it is not error to modify the same by adding a phrase as follows: " and that he did not exercise ordinary care for his own safety just before and at the time of the accident complained of and was injured by reason thereof."

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 31, 1904.

Statement by the Court.  Appellee was injured December 16, 1901, by the alleged negligence of the appellant in the operation of its electric car going south on Halsted street near 38th place, in the city of Chicago. He brought suit for his injuries against appellant, and on a jury trial had in May, 1903, recovered a verdict and judgment thereon for $1,600, from which appellant has appealed.  In response

to special interrogatories the jury answered, in substance, that the plaintiff was in the exercise of ordinary care for his own safety, and the defendant was guilty of the negligence charged against it in the declaration.

At the close of the plaintiff's evidence the defendant moved the court to instruct the jury to find a verdict of not guilty, which was renewed at the close of all the evidence, but overruled by the court. It does not appear from the abstract that either of these motions was in writing, or that the defendant asked any instruction in writing directing the jury to find defendant not guilty.

At the request of plaintiff the court gave to the jury, among other instructions, the following, to wit:

" 1.    While it was the duty of plaintiff to employ such medical attention as ordinary prudence in his situation required, and to use ordinary judgment and care in doing so, and to select only such as were of at least ordinary skill and care in their profession, yet if he exercised such judgment and care, then, in case you find him entitled to recover, under the evidence and the instructions of the court, you may take into consideration all injuries and impairments, if any, which directly resulted from the occurrence in question, even though they resulted, in part, through mistakes of some one or of any of his medical attendants. This liability, that a medical attendant (provided ordinary care was used in his selection) may make mistakes or errors, is by you (but as limited by above provisions) to be considered as part of the immediate and direct damages resulting from the occurrence in question.

" 4.    The plaintiff is not bound to prove his case beyond a reasonable doubt, but is only bound to prove it by the preponderance of the evidence.

" 8.    The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for the jury to find the issues in his favor.

" 9.    While plaintiff must prove his case by a preponderance of evidence, still the proof need not be the direct evidence of persons who saw the occurrence sought to be proved, but facts may also be proved by circumstantial

evidence, that is, by proof of circumstances, if any, such as to give rise to a reasonable inference in the minds of the jury based upon the proof of the truth of the facts alleged and sought to be proved, provided such circumstances, together with all the other evidence bearing on such facts, constitute a preponderance of evidence.

"12.   The court instructs the jury that defendant in operating its cars along the public street in question was in law bound to know that other persons had a right to the lawful use of any part of the highway, and it was the duty of the company's servants to use reasonable care to take reasonable measures to avoid injuries to persons on the street. Defendant did not have an exclusive right to the portion of the street occupied by its tracks, but plaintiff had a right to make reasonable use of such part of the street, subject only to the superior right of the defendant's cars to pass along its track, and also subject to the rule that plaintiff was required to use ordinary care for the safety of himself and others.   It was the plaintiff's duty, on being reasonably apprised of the approach of defendant's car, to yield passage to the same, if he was then occupying the track with the timber in question, and it was defendant's duty to use reasonable care to avoid injury to the plaintiff. Whether or not defendant negligently violated its said duty, as charged in any count of plaintiff's declaration, the jury are to determine from the preponderance of the evidence."

The defendant also, among other instructions asked and given, asked an instruction, numbered 16, which the court refused, but modified it and gave it as modified, the modification being in italics as follows:

"16.   If the jury believe from the evidence that ordinary care on the part of the plaintiff for his own safety required him, under all the facts and circumstances in evidence, before taking, if he did take, such a position that a part of the timber which he was carrying would come in the course of the car, to look and ascertain whether or not a car was approaching, and if the jury further believe from the evidence that the plaintiff could *and would* by the exercise of ordinary care have looked and ascertained whether or not a car was approaching along said track, and if the jury further believe from the evidence that he did not so look and ascertain whether a car was so approaching and that he was injured in consequence and because of

his failure to so look and ascertain whether or not a car
was so approaching, if he did so fail to look and ascertain,
*and that he did not exercise ordinary care for his own safety
just before and at the time of the accident complained of,
and was injured by reason thereof*, then the court instructs
the jury to find the defendant not guilty."

No question is made by the appellant as to the amount
of damages awarded the appellee.

WILLIAM J. HYNES, JAMES W. DUNCAN and C. LEROY
BROWN, for appellant; MASON B. STARRING, of counsel.

FRANCIS J. WOOLLEY, for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of
the court.

It is claimed that the judgment in this case should be re-
versed because the appellee and his agent, Haggerty, were
guilty of contributory negligence; that the clear prepon-
derance of the evidence is that the appellant was not guilty
of negligence, and that the court erred in rulings upon in-
structions.    These claims will be considered in their order.

After appellant's motion, made at the close of all the evi-
dence, that the court instruct the jury to find it not guilty,
appellant's counsel asked, and the court gave, seven instruc-
tions, numbered respectively 15, 16, 18, 24, 26, 31 and 32,
in which the questions of the contributory negligence of
appellee and Haggerty were submitted to the jury as ques-
tions of fact to be decided from the evidence in the case.
Having so submitted these questions, appellant waived any
claim that there was no evidence of contributory negli-
gence to be submitted to the jury.    Consolidated Coal Co.
v. Haenni, 146 Ill. 624–26; Chicago T. R. R. Co. v. Schmel-
ling, 197 Ill. 619–25; I. C. R. R. Co. v. Keegan, 112 Ill.
App. 28–39; Omaha Packing Co. v. Murray, 112 Ill. App.
234–7.

The evidence on behalf of appellee, in substance, tends
to show that on and prior to December 16, 1901, the day
he was injured, he was in the employ of a Mr. Crowe, a
house mover, and it was necessary for appellee, in the

course of this business, with a two-horse wagon, to take certain house-mover's blocks, about four feet in length, and a timber some 18 to 20 feet in length, 8x8 inches in size, from a building which fronted east on South Halsted street, near Thirty-eighth street, Chicago, where they had been used, and remove them to another place in the city. He drew up his horses with the wagon attached, in Halsted street, in front of the building where the timbers were, the horses facing north and the rear end of the wagon toward the south, at a distance of some seventy-five to one hundred feet from Thirty-eighth place, a street running east and west, and the next south of Thirty-eighth street, also an east and west street. The extreme west rail of appellant's double street-car tracks running north and south in Halsted street, was from ten to fifteen feet east of the curbstone on the west side of Halsted street. The sidewalk still to the west was about ten feet wide, and had a platform west of and adjoining it raised about six inches above the sidewalk, which extended back about three feet to the building. The 8x8 timber which appellee was going to move was leaning against the building to the west of the sidewalk and extending out into a lot, the west front of which was vacant for about sixteen feet north of the building, and a picket fence extended north from the front of said building, in which fence there was a gate opening onto the sidewalk. Appellee employed a man named Haggerty, who happened to come along the street just as appellee was preparing to load this timber, to assist him. Appellee and Haggerty took the timber down from its leaning position at the side of the building, appellee taking one end of the timber upon his left shoulder and Haggerty the other end upon his left shoulder; about one and one-half to two feet of the timber extended over appellee's shoulder in front and about two feet extended over Haggerty's shoulder to his rear. Appellee and Haggerty thus carrying the timber, the former in the lead, passed in an easterly direction through the gate of the picket fence, across the sidewalk and across the space between the street curb and the car tracks to the

north of the horses' heads as they stood hitched to appel-
lee's wagon, until he came between or east of the rails of the
south-bound tracks of appellant, when he turned to the south
and went along the south-bound tracks, or between the rails,
to a point from two to ten feet south of the rear end of his
wagon, when he turned to cross in a southwesterly direction
toward the sidewalk, Haggerty all the while following him,
either between the rails of the south-bound tracks or very
near the west rail, with the other end of the timber. Just
as appellee, as he went in a westerly direction, got upon
the sidewalk, and as Haggerty was about leaving the space
between the rails, or when he was about one foot west of the
west rail of the south-bound tracks, appellant's car came at a
rapid speed from the north along the south-bound track, with-
out ringing any bell or giving any warning, and struck with
the front end of the car the easterly end of the timber with
great force, by means of which both Haggerty and appellee
were thrown to the ground and appellee received the injuries
for which this suit is brought. Appellee's wagon and horses
stood about midway between the west rail of the south-
bound tracks and the street curb, the witnesses placing the
distances between the wagon and horses and said west rail
at from two to three feet. When the front of the car came
in contact with the timber, the latter was in about an east
and west line, and about at right angles with the car
tracks. When appellee fell he was on the sidewalk and
very near the building, and Haggerty was close to the west
rail of the street car tracks, and the timber they were car-
rying. after it fell, lay very nearly in an east and west direc-
tion, but some of the witnesses say that the end near the
street car tracks was a little further south than the end on
the sidewalk.

The testimony on behalf of the appellant is in many re-
spects directly in conflict with that on behalf of appellee.
It tends to show a different situation and circumstances
from that detailed by the appellee's witnesses in the fol-
lowing respects, in substance, viz : That the wagon and
horses were from four and one-half to eight feet west of the

west rail of the south-bound tracks, and that the timber was being carried by appellee and Haggerty as the car approached from the north along the space between the wagon and the west rail, the men walking some three or four feet west of the west rail; that the car approached slowly, the bell ringing, the different witnesses placing the speed at about as fast as a slow walk up to about five or six miles per hour; that appellee, after passing the south end of his wagon, begun to turn away from the track, and just after the front part of the car had passed Haggerty, the end of the timber projecting over his shoulder struck the side of the car just under the window, and not in front, as testified to by appellee's witnesses, the appellant's different witnesses placing the point of contact at about the second window, or two or three feet from the front, to as far back as the middle of the car, which is testified to have been twenty-nine feet and six inches in length; that when the car was inspected a few hours after the accident there was a dent in its side in the panel under the second window from the front end; the side of the car was jammed in, but there is no evidence showing there was no dent on the side of the car before the accident; that appellee fell in the street near the curb, and not upon the sidewalk, and that the timber lay, after it fell from the shoulders of the men, in a northeasterly and southwesterly direction, the end to the southwest being only seven or eight feet from the railway tracks, and not on the sidewalk beyond the street curb, and the northeast end was about two and one-half feet from the west rail; that the wagon stood very near the curb line of the street, and there were no timbers between it and the curb; that after the timber struck the car it was stopped within a few feet, none of the witnesses testifying that it went more than forty feet after the collision.

From a careful reading of all the evidence, and in view of its conflicting nature, we are of opinion that whether or not appellee or Haggerty was guilty of contributory negligence was a question for the jury, and we cannot say that the jury's verdict in this respect is clearly and mani-

festly wrong. They had the right to carry the timber into the street for the purpose of loading it upon the wagon in the manner in which the testimony tends to show they did, and even in the manner in which the appellant's evidence tends to show that they acted in carrying it, and we think it cannot be said that they or either of them, in the light of all the evidence, failed to exercise ordinary care. Nor can it be said that the clear preponderance of the evidence as to appellant's negligence is against the verdict of the jury. The evidence on behalf of the appellee tends to show that the car was run at a rapid rate of speed, and that after the collision it was not stopped until it had gone 100 feet or more beyond Thirty-eighth place, which was at least 150 feet from the point of collision. This was clearly negligent, and we think it contributed to appellee's injury. But even taking the evidence of some of appellant's witnesses that the car was run at a rate of five or six miles per hour, while this heavy timber was being carried within three or four feet of the west rail of the south-bound tracks, which would place the body of the car at farthest not more than about two and one-half feet from the timber, it was a question for the jury whether or not this was negligence, and we cannot say, even if the jury believed this part of the evidence and disbelieved that on behalf of appellee, that they were clearly wrong in finding, as they must have done by their general verdict, and as they did in their answer to the special interrogatory, that appellant was negligent as charged in the declaration.

The only remaining matters to be considered are the court's rulings on instructions. The first of appellee's instructions is said to be erroneous because, by its last sentence, the liability that a medical attendant may make mistakes is made an element of damages, and that there is no evidence on which to base the instruction. A sufficient answer to the first claim is that there is no contention that the damages awarded appellee are excessive. The other claim is not, in our opinion, tenable, because one of the physicians who attended appellee failed to discover that

there was a fracture of his shoulder, which the evidence shows was the principal injury from which he suffered.

The fourth and eighth of appellee's instructions are said to be erroneous, because of the use of the phrases " plaintiff's case " and " his case." It is said that these phrases are equivalent to " material allegations of the declaration," the use of which latter phrase, in an instruction, has been held, in a number of cases, to be erroneous. It seems unnecessary to discuss the point, since similar instructions containing the phrases " his case " and " plaintiff's case " have been frequently approved by the Supreme Court. Taylor v. Felsing, 164 Ill. 331-6; City of LaSalle v. Kostka, 190 Ill. 130-3; R. R. Co. v. Polkey, 203 Ill. 225-31, and cases cited; Ry. Co. v. Carroll, 206 Ill. 318-31, and cases cited.

It is also said that the eighth instruction is erroneous because it in effect tells the jury that if the plaintiff's evidence "preponderates in his favor although but slightly," then they might find a verdict in his favor. It is true that this court in O'Donnell v. Armour C. H. Works, 111 Ill. App. 516-23, criticised this phrase in an instruction, but did not hold it reversible error to refuse it when asked by the plaintiff. In the Taylor case, *supra*, as well as in Donley v. Dougherty, 174 Ill. 582, and Ry. Co. v. Fennimore, 199 Ill. 9-18, the Supreme Court held that the giving of similar instructions was not reversible error.

Several criticisms are made of appellee's ninth and twelfth instructions, that are quoted in the statement, which we deem it unnecessary to refer to in detail. They do not in our opinion present any sufficient reason to justify a reversal of the judgment. The ninth instruction is in its language somewhat involved, but we do not think it could have misled the jury. The twelfth, when read in connection with the other instructions, and by the sixth given, the jury were directed to regard and treat the instructions as one connected series; we think it was not error. It should be considered in connection with appellant's sixteenth, seventeenth, twenty-fifth and thirty-seventh given instructions.

Especial stress is placed by appellant's counsel upon the refusal of the court to give appellant's sixteenth instruction as asked and in modifying it and giving it as modified, the modification complained of being the phrase in italics as quoted in the statement, viz.: "and that he did not exercise ordinary care for his own safety just before and at the time of the accident complained of, and was injured by reason thereof." It is said that by this modification the appellant was deprived of the benefit of a substantial defense, viz., that appellee did not exercise ordinary care; that the court destroyed the whole force of the instruction by this modification, which virtually stated that although the jury might believe that ordinary care required looking, and that plaintiff could have done, but omitted to do, all that was mentioned in the instruction, still such conduct did not amount to a failure to exercise ordinary care. While it might not have been error to give the instruction as asked, (Mallen v. Waldowski, 203 Ill. 87, and Ry. Co. v. O'Donnell, 208 Ill. 267-75,) we are of opinion that learned counsel's criticism of the instruction as modified is not well founded. The instruction as asked in effect tells the jury that if the plaintiff did certain things detailed in the instruction, or failed to do certain other things, then they should find the defendant not guilty, which was equivalent to telling them that by such conduct the plaintiff was negligent and did not exercise ordinary care for his own safety. It is not the province of the court to tell the jury what is or is not care or negligence. R. R. Co. v. Griffin, 184 Ill. 10-16; R. R. Co. v. Huston, 196 Ill. 480-3; Hartrich v. Hawes, 202 Ill. 334-42; R. R. Co. v. Banfill, 206 Ill. 553-6. The Hartrich and Banfill cases considered instructions similar to this one as asked, and held it was not error to refuse them. The effect of the modification made by the court was simply to submit to the jury whether or not the matters enumerated by the instruction, if they believed they were established by the evidence, were sufficient to show a want of ordinary care on the part of the plaintiff, and that he was injured by reason thereof. Also, the

C. & W. I. R. R. Co. v. Gardanier.

instruction as asked, and even as given, was, we think, calculated to mislead the jury and is without sufficient evidence in the record to justify the reference in the instruction to the plaintiff's failure to look and ascertain if a car was approaching, and that he was injured in consequence of his failure so to look. There is no evidence that the plaintiff failed to look to ascertain whether or not a car was approaching, but on the contrary, he testifies that he did look to the north just before going upon the car tracks, but did not see any car, and we cannot, from a consideration of all the evidence, say that this statement is untrue or improbable. Moreover, even if plaintiff did look and saw a car approaching upon the track, it would not have been negligence on his part, as a matter of law, to have gone upon the track. Whether it was or not negligence was a question to be determined by the jury from all the circumstances shown. Ry. Co. v. Keck, 185 Ill. 400–4; Ry. Co. v. Olis, 94 Ill. App. 323–8. This being so, we are of opinion the instruction as given was more favorable to appellant than the evidence warranted.

There being, in our opinion, no reversible error in the record, the judgment is affirmed.

*Affirmed.*