## Libby, McNeill & Libby v. John Kearney.

### Gen. No. 11,872.

**1.** NEW CAUSE OF ACTION—*when additional count sets up.* Where the original count alleges the duty of the defendant to instruct the plaintiff in the operation of a sausage machine, and its dangers, and the neglect of such duty, an additional count sets up a new cause of action which alleges the duty of the defendant to furnish matting, burlap or other material to make the place where the plaintiff was ordered to work safe for him to do so, and the breach of that duty. Also, an additional count sets up a new cause of action which alleges the duty of the defendant to allow the lever which controlled the belt on the machinery in question to remain free and unattached, and the breach of that duty by causing the lever to be tied.

**2.** STATUTE OF LIMITATIONS—*when does not lie against minor.* A plea of the Statute of Limitations does not lie to an additional count filed in an action instituted on behalf of a minor by his next friend where such additional counts were filed before the expiration of the period allowed by statute for the bringing by such minor of an independent action.

**3.** ERRORS—*when deemed waived.* Errors which are assigned, when not argued, are deemed to have been waived.

**4.** PEREMPTORY INSTRUCTION—*when should not be given.* A peremptory instruction should not be given if there be any evidence whatever which with all reasonable inferences and intendments to be drawn therefrom fairly tends to support the allegations of the plaintiff's declaration.

**5.** NEGLIGENCE—*what essential to cause of action.* Negligence which is not the proximate cause of the injury will not sustain a cause of action for personal injuries.

**6.** ASSUMED RISK—*when question of, becomes one of law.* The question whether a plaintiff suing his employer for a personal injury had assumed the risk of the danger through which he was injured, becomes one of law for the court only when, conceding as true all that any evidence in the record tends to prove in favor of the plaintiff, it would be apparent to all reasonable minds that such

danger was incidental to and connected with his employment; that it was not concealed or latent, but patent and obvious; that it was not extraordinary and unusual, but usual and incident to the business engaged in as conducted by the defendant and existed continuously during plaintiff's employment; and when evidence is wanting tending to show that plaintiff ever complained of it, or that the defendant had promised to remedy it, or that plaintiff had been directed specifically to incur it by some particular order at the time of the accident; and when it it is on the contrary proven that plaintiff was then engaged in the regular line of his duties and usual employment; that he was of mature age and of ordinary strength and intelligence.

7. BURDEN OF PROOF—*approved instruction upon.* The following instruction upon this subject approved:

" The court instructs the jury that while as a matter of law the burden of proof is upon the plaintiff and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for the jury to find the issues in his favor."

8. RIGHT OF RECOVERY—*approved instruction upon.* The following instruction upon this subject, when part of a series, approved:

" If the jury find from the evidence that the plaintiff has made out his case as laid in the declaration by a preponderance of the evidence, then the jury can find for the plaintiff."

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed January 18, 1906.

**Statement by the Court.** This appeal is from a judgment for $8,000 rendered by the Circuit Court of Cook county in favor of the appellee, John Kearney, against Libby, McNeill & Libby, a corporation, the appellant.

The judgment May 12, 1904, was on the verdict of a jury returned March 7, 1904. A motion for a new trial and a motion in arrest of judgment were made by appellant, the defendant below, and denied by the court.

The suit was begun March 8, 1900. The declaration on which the case went to the jury consists of an original count and three additional counts.

The original count alleges that March 9, 1899, the defendant corporation was engaged in the packing business at

Libby, McNeill & Libby v. Kearney.

Chicago and was possessed of a packing house, in which was a room known as a stuffing room, wherein certain employees were working for the defendant under a foreman employed by the defendant, who controlled the action of the employees; that in said room was a sausage machine run and controlled by a pulley, belts, levers and brakes attached to it, by means of which certain knives were caused to revolve at a high rate of speed; that said machine was operated by certain employees whose only duties were to run and operate said machine; that the plaintiff was employed by the defendant and was working in the stuffing room as a mixer under the direction of the foreman; that his duties as a mixer did not require him to operate said sausage machine, and that he was wholly inexperienced in the operating of said machine, and had no knowledge of the danger incident to such occupation; that the floor around said machine, and particularly that part of the floor on which one was obliged to stand to feed and operate said machine, was covered with a thick coating of a greasy substance, and that the floor immediately in front of the machine where one was compelled to stand when feeding and operating it, was not level and flat, so that one could secure a good foothold thereon, but was in a slanting position affording a very poor and very dangerous place on which to stand; that on the day aforesaid, the foreman, who knew, or by reasonable care and diligence could have known, of the dangers connected with the running of the machine, ordered the plaintiff to go to work at the said machine and to feed and operate it in the place of the regular operator, and it became the duty of the defendant, by the foreman, to instruct the plaintiff as to the manner and means of operating the machine and the dangers incident to the operation; that the defendant failed so to instruct the plaintiff, by reason whereof, while the plaintiff was obeying the order of the foreman and so working, in the exercise of due care for his personal safety, feeding the machine, one of his feet was caused to slip out from under him; that thereby losing his balance he fell upon said machine

and his right hand became entangled therein, and his forearm was torn off at the elbow joint.

The first additional count, describing the accident, alleges that the machine was a mechanical device operated by steam power by means of a belt, and was designed to grind meat, and that the plaintiff, being a minor, was directed to place meat in the top of said machine, and that within it were certain knives for the cutting of the meat; that the floor on which the machine rested was, for some time prior to the employment of the plaintiff on said machine, uneven, sloping and covered with grease, so that persons walking upon the same were likely to slip; that the plaintiff, when he discovered that the floor was unsafe and slippery, complained to the foreman, his superior, and notified him that the floor was sloping and slippery and unfit and dangerous to work upon; that the defendant, by its foreman, promised the plaintiff that the danger would be obviated and the defect repaired, and that the defendant would place across the floor where the plaintiff was obliged to stand a piece of burlap, so that plaintiff would not fall; that plaintiff relied on this promise and resumed work on the said machine; that the defendant did not furnish the burlap, by reason of which the accident happened, and it became necessary to amputate the right arm of the plaintiff near the shoulder.

The second additional count alleges that the plaintiff, a minor, was employed by the defendant as a common laborer about a certain machine called a mixer, for the mixing of different kinds of meat; that there was in the house another machine which was dangerous and complicated, a grinder or sausage machine; that said grinder was operated by means of a tight pulley and a loose pulley, and a shaft; that the shaft extended through said machine, and on this shaft, on the outside of the machine, there were the two wheels or pulleys, one firmly and tightly attached to the shaft, and immediately adjoining the said tight wheel or pulley another wheel or pulley, which revolved on said shaft, but was not tightly attached thereto; that the machine was operated by means of a belt working upon the said tight wheel, which

belt was controlled by a lever; that by moving this lever one way, the belt could be thrown off the tight pulley onto the loose pulley, and by moving it the other, it could be thrown off the loose pulley onto the tight one; that when the belt was thus thrown on the tight pulley, the machine was set in motion and operated, and that when the belt was thrown onto the loose pulley, the machine became and remained inactive and stationary; that the plaintiff, being employed on the mixer and not familiar with the grinder, was taken from the mixer and placed at work on the grinder; that the floor around the grinder was uneven and slippery, and the top of the machine, wherein the meat was fed, was open and unguarded, so that there was great danger that persons employed thereat might accidentally get their fingers caught in said machine; that therefore it was the duty of defendant to allow the said lever which controlled the said belt in and upon the machine, and which was in reach of the persons regularly employed about said machine, to remain free and unattached, so that if a person did get caught in the machine, he could readily stop the same by moving the belt immediately; that the plaintiff was ignorant of all this, but the defendant knew it, or ought to have known it; that the defendant negligently and improperly caused the said lever to be firmly and securely tied to the machine in an immovable position, whereby the said machinery was kept constantly in motion and the lever could not be readily moved and the machinery immediately stopped in cases of emergency; that by reason of the premises the plaintiff, while working about the machine, was unavoidably caught by his fingers in said machine, and by reason of the lever being so tied and his consequent inability to move the same, and his ignorance of the machine and the failure of the defendant to warn him, the loss of his arm occurred.

The third additional count describes the accident as occurring because the grinder was a complicated and dangerous machine, the operation of which was attended with great risk of personal injuries, which was well known to the defendant, but unknown to the plaintiff, who was a person of

tender years, unfamiliar with and ignorant of machinery and of the said grinder, and did not understand or appreciate the risk and danger in operating the said machine. The count alleges that it was the duty of the defendant to instruct and caution the plaintiff about the operation and hazards of the machine, but that it failed to do so, and ordered the plaintiff to begin to work on said machine without such instruction or caution, in consequence of which the accident happened and the plaintiff's arm was lost.

Besides the plea of not guilty filed to the declaration, the defendant, by leave of court, pleaded the Statute of Limitations of two years to each of the three additional counts. Said counts were filed February 5, 1902, and the pleas alleged that the several supposed causes of action did not accrue to the plaintiff within two years next before said date. To each of these pleas of the Statute of Limitations the plaintiff demurred. These demurrers were sustained.

The appellant in this court has made thirty-three assignments of error. They cover the order of the trial court overruling these demurrers, a refusal of the court to require the plaintiff at the close of his evidence to elect between the original declaration and the additional counts subsequently filed, the refusal of the court, on the motion of the defendant at the close of plaintiff's evidence, to exclude all said evidence from the jury, the refusal of the court at the close of the plaintiff's evidence to instruct the jury to find the defendant not guilty, the like refusal of the court to exclude all the evidence from the jury and to instruct them to find the defendant not guilty at the close of all the evidence, the alleged admission of improper evidence for the plaintiff, the alleged exclusion of proper evidence for the defendant, the giving of various instructions, claimed to be erroneous, the refusal of instructions alleged to be proper and necessary, the modification of other instructions tendered by the defendant, alleged improper statements made by the plaintiff's counsel and by the court in the presence of the jury, the refusal of the trial court to grant a new trial, although, as it is claimed, the verdict was inconsistent with the instructions

of the court, was against the weight of the evidence, and was excessive in amount; and the overruling by the court of defendant's motion in arrest of judgment, although, as it is claimed, the declaration stated no cause of action and upon the whole record it was shown that the plaintiff was not entitled to recover.

F. J. CANTY, E. E. GRAY and J. C. M. CLOW, for appellant; H. E. LONG, of counsel.

JAMES T. BRADY and GEORGE PLUMMER, for appellee; EDWIN J. RABER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The view that we take of this case compels us to reverse and remand it for another trial, on the ground that the plaintiff did not prove his right to recover by a preponderance of the evidence. As it will probably be retried, we shall discuss the evidence but very briefly. Before doing so to any extent, however, there are other matters covered by the assignments of error which we should dispose of.

The assignments of error which complain of the sustaining of the plaintiff's demurrer to the pleas of the Statute of Limitations filed by the defendant to the additional counts of the plaintiff's declaration, are not well taken. The error, if committed, was not reversible error.

We are not prepared to say that the first and second additional counts do not state different causes of action from each other and from the original declaration and the third additional count. We think they do. The gist of both the original declaration and of the third additional count is the respective allegations therein of the duty of defendant to instruct the plaintiff in the operation of the sausage machine and its dangers, and the neglect of that duty. The gist of the first additional count is the allegation of the duty of the defendant to furnish some matting, burlap, or other material to make the place where plaintiff was ordered to work safe for him to do so, and its breach of that duty. That of the second additional count is the allegation of the duty of

the defendant to allow the lever which controlled the belt on the machine to remain free and unattached, and the breach of that duty by causing the lever to be tied.

But the record shows conclusively and· without contradiction that Kearney, the plaintiff, did not become twenty-one years of age until July 28, 1900, and that the additional counts were filed in time before the period of limitation had expired. The bringing of a suit by next friend during the plaintiff's minority on one cause of action, certainly does not waive the right secured by statute to the infant to sue after he comes of age on another. If plaintiff had, instead of demurring, replied alleging his age, the replications must necessarily have been sustained. Sustaining the demurrer, therefore, was not injurious nor cause for reversal.

We think the complaints made of alleged objectionable remarks by the trial judge in the presence of the jury are frivolous. If utterances like those complained of were ground for reversal, dumb men only would be satisfactory judges.

There is not, in the action of the court in relation to the evidence which defendant insists was objectionable, any ground for reversal. The testimony of the witness Houle concerning meeting the attorney for an accident insurance company, was not, under the circumstances and in the line of inquiry in which it was brought out, inadmissible or objectionable. That of the same witness in relation to the removal and rebuilding of the machine after the accident was objectionable, but it was stricken out. As we feel obliged to reverse the judgment and remand the case on other grounds, we need not discuss the probable or possible effect of this testimony. We should not have found in it, considering the action of the court upon it, sufficient ground for reversal. The proposition that it was error in the trial court to refuse to compel plaintiff, at the close of his evidence to elect "as between the declaration originally filed in the case and the additional counts * * * upon which he will seek to recover against the defendant," although made in

Libby, McNeill & Libby v. Kearney.

the assignment of errors is not argued by appellant, and must be considered waived. It has no merit.

The same thing may be said of the point made in the assignment of error in relation to the action of the trial court on the motion in arrest of judgment. It is waived by not being argued, and is untenable in any event.

Nor is any question made by appellant in its argument of the amount of the verdict. The assignment of error which involves it may therefore be dismissed from consideration.

The elimination from the questions raised in this appeal of the foregoing matters brings us to the consideration of its substantial merits. Defendant urges first that the case should have been taken from the jury at the close of the plaintiff's evidence, and it not having been so disposed of then, the same action should have been taken by the trial court at the conclusion of all the evidence. This contention involves the assignments of error which directly express it, and also the claim that refused instructions 52 to 55, which are directions to find for the defendant on each count respectively, should have all been given. The grounds of it urged by appellant are, first, that the evidence clearly shows that the plaintiff was guilty of negligence materially contributing to the accident by his method of feeding the meat into the machine; secondly, that the evidence shows that the plaintiff had worked at and about the machine for several months and knew all about its mechanism, that any dangers in its operation were obvious and known to him; that he in consequence assumed them, and that the employer was under no obligation to instruct him in relation to them; thirdly, that the defendant's promise, if made, to make the place where the plaintiff was ordered and obliged to work safer, by furnishing him burlap as a matting to stand on, was not "a promise to repair" in any such sense as avoided the assumption of risk by the plaintiff; fourthly, that the evidence clearly showed that the fastening of the shift lever to keep the belt on the pulley had nothing to do with the accident to the plaintiff; fifthly, that there was no evidence of any

such especial or specific order to the plaintiff to do the work, in which he was injured, as relieved him from the assumption of risk or required his especial instruction in any operation or handling of the machine which mangled him.

The first of these grounds goes to the right of plaintiff to recover under any of the counts of the declaration. Of the others, each ground relates to his right to recover under a particular one of the four counts. The answer made by the appellee to all is the same. It is, that in each case the contention of the defendant involves a question of fact which was for the jury, and that in each case there was evidence to go to the jury in support of the plaintiff's side of the controversy.

Under the law as it is firmly established in this State (Woodman v. Illinois Trust and Savings Bank, 211 Ill., 578), that if there be any evidence whatever which, with all reasonable inferences and intendments to be drawn therefrom, fairly tends to support the verdict, the case should go to the jury, we think the appellee is justified in this position as to all the defendant's contentions in this regard but one.

We cannot find in the record any evidence which fairly tends to establish any liability under the second additional count. It plainly appears that the fastening of the lever to hold the belt on the tight pulley while meat was being fed to it, was practically necessary to the operation of the machine, and that the plaintiff knew that the lever was kept hitched while the machine was running, and that while with that knowledge he was feeding the machine, an accident entirely disconnected with the fact that the lever was so fastened deprived him of his arm. The tying of the lever so that the belt would run was plainly not the proximate cause of the injury. That the breach of duty on which an action can be maintained must be the proximate cause of the injury is axiomatic. Gibson v. Leonard, 143 Ill., 182, 193. The plaintiff says he tried to stop the machine after he was caught, and is corroborated in this by Houle. But whether or not the shifting of the lever after his hand had been caught would have decreased the severity of the mutilation which

actually occurred, and if so, how much, and whether the plaintiff unaided, while his right hand was in the hopper, could with his left hand, in the absence of the fastening, have stopped the machine, is all necessarily matter of speculation.    The thing which is certain is that the fastening of the lever did not bring about the accident and was not the efficient responsible cause of the injury.

Counsel for appellee insist that the testimony of Goss that if a heavy piece of meat was put in the machine, the belt would, if the lever was not fastened, instantly shift and the machine stop, in connection with the inference that Kearney must have been feeding "heavy" meat to the machine, because it was frozen and had to be pushed off the fork, made it a question for the jury whether the accident could have happened if the lever had not been tied.    But even assuming that the pieces of pork trimmings which plaintiff says were small strips, some of them as big as his hand, were, by being frozen together, such "heavy" meat as Goss says would instantly stop the machine, the argument is not sound.    The contention is equivalent to saying that the employer is liable because the machine was running, for if it had not run, the accident could not have happened.    If to prevent the machine from stopping, while meat such as plaintiff was dealing with was fed to it, the lever had to be tied, the tying became equivalent *pro hac vice* to the running of the machine, and the liability of the employer, if it exists, must certainly be predicated on something besides such tying.

We think, therefore, that refused instruction 53 should have been given, and the second additional count withdrawn from the consideration of the jury.    This would have left, however, three other counts of the declaration for their consideration.    As to the cause of action set out in each of them, we think there is some evidence in the record tending to support it, and it was not therefore error in the trial court to refuse to withdraw them by peremptory instruction or otherwise from the jury.

The position of appellant in this particular rests largely on the contention that the matter of the "assumption of risk"

by the plaintiff is by the evidence in this case made a question of law for the court, rather than one of fact for the jury.

The question whether a plaintiff suing his employer for a personal injury had assumed the risk of the danger through which he was injured, becomes one of law for the court only when; conceding as true all· that any evidence in the record tends to prove in favor of the plaintiff, it would be apparent to all reasonable minds that such danger was incidental to and connected with his employment; that it was not concealed or latent, but patent and obvious; that it was not extraordinary and unusual, but usual and incident to the business engaged in as conducted by the defendant and existed continuously during plaintiff's employment; and when evidence is wanting tending to show that plaintiff ever complained of it, or that the defendant had promised to remedy it, or that plaintiff had been directed specifically to incur it by some particular order at the time of the accident; and when it is on the contrary proven that plaintiff was then engaged in the regular line of his duties and usual employment; that he was of mature age and of ordinary strength and intelligence.    Western Stone Co. v. Muscial, 196 Ill., 382; Illinois Steel Co. v. Ryska, 200 Ill., 280; C. & E. I. R. R. Co. v. Heerey, 203 Ill., 429.

In the case before us there was evidence introduced by the plaintiff that it was not in the line of his ordinary employment to operate the machine in question, that he had never done so before, that he did it for the first time on the day of the accident in obedience to a specific order from the appellant as represented by its foreman, taking him from his usual work, that he was ignorant of the danger incurred by such operation, that the floor on which he was called to stand was greasy and slippery as well as sloping, that he had complained of this condition and had been promised a remedy for it, and by this means induced to go to and remain at the work at which he was injured.    We think that had there been no countervailing or contradictory evidence, there was enough in the case made by the plaintiff to justify·its submission to the jury.    And the same considerations, with some

others, affect the question of contributory negligence. We think that the exact method by which the accident happened and whether the plaintiff had actually his hand in the hopper when he slipped, are not absolutely clear from the evidence, and it would not, in our opinion, be impossible for reasonable men to come, from evidence which appears in the record, to opposite opinions as to whether the plaintiff was himself guilty of negligence materially contributing to the injury.

On neither of the grounds urged by appellant, therefore, do we think that it would have been proper to take the case from the jury.

But another question is presented by the assignments of error which attack the ruling of the court below on the motion for a new trial. Upon that motion it was the duty of the trial judge to weigh the evidence and grant the new trial if its clear preponderance was against the verdict. That motion being denied, and its denial being assigned on this appeal as error, it becomes in turn our duty to weigh the evidence to see if there is a preponderance against the verdict. We must give due weight in such an inquiry to the fact that we have not, like the jury and the trial judge, the opportunity of seeing and hearing the witnesses. But this does not relieve us from the duty. In the case at bar this duty has been laboriously and thoroughly performed. We have not been able, after a careful consideration of the whole record, to escape the conclusion that the case should be remanded for another trial. It is because it must be so retried that we shall refrain here from any detailed recital of the evidence. We must, however, give in bare outline our views concerning it.

To establish the plaintiff's right to recover under the other circumstances of this case, it was at least necessary for him by a preponderance of proof to show that he was inexperienced in the use of this machine, and had been especially ordered to feed it on the day in question.

In another view of his claim, it was necessary for him to show that his working in a place claimed by him to be dangerous, and which proved so, the dangers of which, how-

ever, were obvious and patent, was induced by the promise of appellant's foreman to furnish a remedy for the dangerous condition.

Upon the vital question, however, of his inexperience with the machine, his own positive testimony that he had never worked on it until the afternoon of the accident, and the negative testimony of his witnesses that they had never seen him run it, is very much overweighted by the testimony of fourteen witnesses who flatly contradict him and swear to his repeated experiences with the grinder.

The promise of the burlap for plaintiff to stand upon— a not altogether probable expedient to be adopted in such a case, one would think—is affirmed by Kearney and denied by Lanier. The statement of one or the other is untrue. The burden of proving the promise, like any other substantive fact of his case, is with the plaintiff. Lanier is certainly not more interested as a witness than is the plaintiff. The contradiction of the latter on another material matter by so great a preponderance of testimony cannot but weaken our faith in his testimony on this. We think another jury should pass on his claims.

Appellant's counsel complain in their brief and argument of instructions 4 and 6, given to the jury. Instruction 4 is as follows:

"The court instructs the jury that while as a matter of law the burden of proof is upon the plaintiff and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for the jury to find the issues in his favor."

Since this instruction was, as stated by counsel, criticised by this court in O'Donnell v. Armour Curled Hair Works, 111 Ill. App., 516, it has been declared by the Supreme Court to be subject to no valid objection. Chicago City Ry. Co. v. Fennimore, 199 Ill., 9.

Instruction 6 is this:

"If the jury find from the evidence that the plaintiff has made out his case as laid in the declaration by a preponderance of the evidence, then the jury can find for the plaintiff."

However insufficient this instruction might be by itself, we see no error in it when given in connection with the full statement of the law affecting the case given in the instruction as a series.    Its substance and its phrasing have been in quite similar cases found unobjectionable by the Supreme Court and this court.    Taylor v. Felsing, 164 Ill., 331; City of LaSalle v. Kostka, 190 Ill., 130–3; R. R. Co. v. Polkey, 203 Ill., 225, 231; Ry. Co. v. Carroll, 206 Ill., 318, 331; Chicago City Ry. Co. v. Nelson, 116 Ill. App., 609.

We think there was no error in the modification of the instruction 37 as asked by appellant.    It was in conformity with the opinion of the Supreme Court in Illinois Steel Co. v. Ryska, 200 Ill., 280.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*