2022 IL App (3d) 200282

Opinion filed January 3, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| LINDA GAVLIN, as Special Administrator of the Estate of JENNIFER ANDRULES, a disabled person, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| ADVENTIST BOLINGBROOK HOSPITAL, d/b/a Amita Health Adventist Medical Center, Bolingbrook, and LAKEWOOD NURSING AND REHABILITATION CENTER, LLC, | ) ) ) ) ) | Appeal No. 3-20-0282 Circuit No. 16-L-327 |
| Defendants | ) ) | |
| (Lakewood Nursing and Rehabilitation Center, LLC, | ) ) | The Honorable Raymond E. Rossi, |
| Defendant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices Daugherity and Schmidt concurred in the judgment and opinion.

_____

**OPINION**

¶ 1     In 2016, plaintiff Linda Gavlin, as Special Administrator of the Estate of Jennifer Andrules, filed suit against defendant Adventist Bolingbrook Hospital, d/b/a Amita Health Adventist Medical Center, Bolingbrook, alleging medical negligence. In 2019, plaintiff filed an amended two-count complaint, alleging medical negligence against Adventist and a new defendant,

Lakewood Nursing and Rehabilitation Center, LLC. Lakewood filed a motion to dismiss, asserting that the claim against it was untimely. The trial court initially granted Lakewood's motion but later reversed its decision. The court then certified a question for interlocutory review. Lakewood filed an application for interlocutory appeal, which we granted. We answer the certified question in the negative and remand for further proceedings.

¶ 2                                                    BACKGROUND

¶ 3          Jennifer Andrules is a disabled person. On May 16, 2014, Andrules was taken to Adventist for a medical evaluation. While at Adventist, Andrules suffered a fall, which resulted in a fracture to the right femoral head of her right leg. Andrules underwent surgery for that injury.

¶ 4          On May 22, 2014, Andrules was discharged from Adventist and admitted to Lakewood. On June 3, 2014, Andrules suffered a fall at Lakewood and fractured her right leg, necessitating a second surgery on that leg.

¶ 5          On May 2, 2016, Northern Trust, as Special Administrator of Andrules' Estate, filed a complaint against Adventist, alleging medical negligence. The "Certificate of Merit of Reviewing Physician" attached to the complaint addressed Andrules' first fall at Adventist and also referred to Andrules' "second fall" at Lakewood. On May 18, 2018, the Director of Nursing at Lakewood, Barbara Braun, was deposed and testified about Andrules' June 3, 2014 fall at Lakewood.

¶ 6          On February 11, 2019, Linda Gavlin, as Special Administrator of Andrules' Estate, filed a third amended two-count complaint. Count I alleged medical negligence against Adventist, and count II alleged medical negligence against Lakewood. The reviewing physician's certificate alleged: "Lakewood and its staff were negligent in their care and treatment of Jenny Andrules resulting in her fall on June 3, 2014, necessitating a second more extensive surgery, with pain,

2

disability and damages some of which will remain permanent and continue for the rest of her life and increased living costs and expenses ***."

¶ 7 Lakewood filed a motion to dismiss count II of the third-amended complaint, arguing that the allegations against it were untimely. The trial court initially granted Lakewood's motion to dismiss. Gavlin filed a motion to reconsider, which the trial court granted, reversing its earlier ruling and denying Lakewood's motion to dismiss. The court's order stated: "Lakewood may file an interlocutory appeal pursuant to [Supreme Court Rule] 308 and shall submit proposed certified questions to Plaintiff for review and possible agreement ***."

¶ 8 Lakewood filed a "Motion to Approve Certified Question Pursuant to [Supreme Court Rule] 308" and Gavlin filed a motion objecting to interlocutory appeal and Lakewood's certified question. Following a hearing, the trial court denied Gavlin's motion and granted Lakewood's motion. The trial court approved the following certified question for interlocutory appeal:

"Does Plaintiff's removal of the disability tolling statute (735 ILCS 5/13-211) by filing a Complaint against Joint Tortfeasor A, act as a removal of the disability tolling statute as to Joint Tortfeasor B, if Plaintiff pled actual knowledge of Joint Tortfeasor B's involvement?"

Lakewood filed an application for leave to appeal with this court, which we granted.

¶ 9                                                          ANALYSIS

¶ 10 Illinois Supreme Court Rule 308(a) provides:

"When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state

3

in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019).

The scope of review in an interlocutory appeal under Rule 308 is limited to the question certified by the trial court, which, because it is a question of law, is reviewed *de novo. Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9.

¶ 11 Here, the certified question requires us to examine the interplay between the statutes of limitations and repose for medical negligence actions (735 ILCS 5/13-212(a) (West 2018)) and the disability tolling statutes (735 ILCS 5/13-211(a), 212(c) (West 2018)). Section 13-212(a) of the Code of Civil Procedure (Code) is "bifurcated, providing both a statute of limitations and a statute of repose" for medical negligence actions. *Kanne v. Bulkley*, 306 Ill. App. 3d 1036, 1040 (1999). It provides in pertinent part:

"[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a) (West 2018).

4

¶ 12    The medical negligence statute of limitations "has been read within the context of the 'discovery rule' to mean that the two-year malpractice limitations period begins to run when the party 'knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.'" *Young v. McKiegue*, 303 Ill. App. 3d 380, 387 (1999). The purpose of a statute of repose is "to curtail the 'long tail' of liability that may result from the discovery rule." *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 10. A statute of repose places "a cap on the applicability of the discovery rule so that the outer limit terminates the possibility of liability after a definite period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action." *Serafin v. Seith*, 284 Ill. App. 3d 577, 588 (1996).

¶ 13    Sections 13-211(a) and 13-212(c) of the Code constitute tolling provisions applicable in negligence actions. Section 13-211(a) applies to general negligence actions and provides: "If the person entitled to bring an action ***, at the time the cause of action accrued, is *** under a legal disability, then he or she may bring the action within 2 years after *** the disability is removed." 735 ILCS 5/13-211(a) (West 2018). Section 13-212(c), which applies to medical negligence claims, provides: "If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed." 735 ILCS 5/13-212(c) (West 2018).

¶ 14    Disability tolling statutes apply to both statutes of limitations and statutes of repose. See *Brucker v. Mercola*, 227 Ill. 2d 502, 550-51 (2007); *DeLuna v. Burciaga*, 223 Ill. 2d 49, 65 (2006); *Bruso v. Alexian Brothers Hospital*, 178 Ill. 2d 445, 452-53 (1997). When a plaintiff in a medical negligence action is under a legal disability, such as mental incompetency, the action is subject to

the tolling provision of section 13-212, and not the repose period. See 735 ILCS 5/13-212 (West 2018); *Bruso*, 178 Ill. 2d at 461.

¶ 15        Disability tolling provisions are necessary to protect the interests of mentally disabled people and preserve their day in court until they are able to bring suit on their own. See *Fess v. Parke, Davis & Co.*, 113 Ill. App. 3d 133, 135 (1983). Through tolling statutes, Illinois courts have "repeatedly protected the rights of those under a disability when a cause of action arose." *Mickiewicz v. Generations at Regency, LLC*., 2020 IL App (1st) 181771, ¶ 22. Tolling statutes also uphold the policy that protects minors and disabled people "from being deprived of an adjudication of their rights through no fault of their own." *Girman*, 103 Ill. App. 3d at 900.

¶ 16        "Illinois law has long recognized that incompetents are favored persons in the eyes of the law and courts have a special duty to protect their rights." *Bruso,* 178 Ill. 2d at 454 (citing *Macdonald v. La Salle National Bank*, 11 Ill. 2d 122, 125 (1957) and *Van Buskirk v. Van Buskirk*, 148 Ill. 9, 26 (1893)). "Disabled persons, as well as minors, are to be given special protection by the courts to protect their interests." *Zimmerman v. Village of Skokie*, 174 Ill. App. 3d 1001, 1008 (1988). The purpose of tolling provisions is "to protect the rights of those who are not competent to do so themselves." *Bruso*, 178 Ill. 2d at 454. Tolling provisions recognize that the enforcement of a disabled person's rights "should not be 'left to the whim or mercy'" of his or her court-appointed or self-appointed representative. See *Girman v. Cook County*, 103 Ill. App. 3d 897, 898 (1981) (quoting *McDonald v. City of Spring Valley*, 285 Ill. 52, 56 (1918)) (an individual "with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights").

¶ 17        A guardian or conservator of the estate of a disabled person may file suit on behalf of a disabled person. See *Scott v. Bassett*, 194 Ill. 602, 607 (1902); *Pyott v. Pyott*, 191 Ill. 280, 288-89

(1901); *Passmore v. Walther Memorial Hospital*, 152 Ill. App. 3d 554, 555 (1987); *Haas v. Westlake Community Hospital*, 82 Ill. App. 3d 347, 348 (1980). However, a guardian or representative may not always adequately protect the interests of the disabled individual. See *Zimmerman*, 174 Ill. App. 3d at 1008. A minor or disabled person should not be held responsible for the lack of diligence or negligence of his or her representatives. *Id.*; see also *Van Buskirk*, 148 Ill. at 26 (disabled person's rights cannot be prejudiced by next friend's failure to quickly bring suit); *In re Estate of Sheehan*, 290 Ill. App. 551, 555 (1937) (a minor "should not be deprived of her rights by the laches or neglect of a recreant guardian").

¶ 18    Conservators, executors, administrators and guardians of the estates of disabled persons are not vested with legal title to their wards' estates. *In re Estate of Brach*, 76 Ill. App. 3d 1050, 1054-55 (1979). They have only the duty of care and management of the estate but obtain no interest in the property. *Id.* Legal title remains with the disabled person. *Id.* at 1055.

¶ 19    In Illinois, appointment of a guardian for a disabled individual or a minor does not terminate the tolling statute and begin the running of the applicable statute of limitations. See *Mazikoske v. Firestone Tire & Rubber Co.*, 149 Ill. App. 3d 166, 178 (1986); *Eiseman v. Lerner*, 64 Ill. App. 3d 185, 188 (1978); *Estate of Sheehan*, 290 Ill. App. at 554-55; *Alber v. Illinois Department of Mental Health and Developmental Disabilities*, 786 F. Supp. 1340, 1359 (N.D. Ill. 1992); *Pardy v. United States*, 548 F. Supp. 682, 684 (S.D. Ill. 1982). This is because the cause of action is owned by the minor or disabled person, not the guardian. See *Sheehan*, 290 Ill. App. at 556; *Pardy*, 548 F.Supp. at 684. As the owners of the cause of action, minors and disabled people should not be deprived of their rights by the actions or inactions of their guardians. See *Sheehan*, 290 Ill. App. at 555. Thus, the statute of limitations continues to be tolled upon the appointment

of a guardian, and tolling continues until the disability is removed. See *id*. at 556-57; *Pardy*, 548 F.Supp. at 684.

¶ 20    Like Illinois, "the vast majority of jurisdictions hold that the appointment of a guardian over an incompetent does not remove the disability for purposes of the running of the statute of limitations." *Barlow-Malow Co., Inc. v. Wilburn*, 556 N.E. 2d 324, 325 & n.1 (Ind. 1990) (citing cases); see also *Estate of Mims v. South Carolina Department of Disabilities and Special Needs*, 811 S.E. 2d 807, 812-13 (S.C. Ct. App. 2018) ("The vast majority of jurisdictions with *** tolling statutes hold the appointment of a guardian does not end the disability when the tolling statute is unambiguous and does not suggest a legislative intent to end the disability when a guardian is appointed."); *Weaver v. Edwin Shaw Hospital*, 819 N.E. 2d 1079, 1085 (Ohio 2004) (citing cases supporting that "[t]he overwhelming majority of courts" interpreting tolling statutes "have concluded that the appointment of a guardian has no effect on the tolling of the statute of limitations"); *Unkert v. General Motors Corp.*, 694 A.2d 306, 310 (N.J. Sup. Ct. 1997) (listing cases supporting that "the majority of jurisdictions that have addressed the issue hold that the appointment of a guardian does not trigger the commencement of the limitations period"); *Young v. Key Pharmaceuticals, Inc.*, 770 P.2d 182, 186 (Wash. 1989) (following "majority rule" that appointment of guardian has no effect on tolling statute).

¶ 21    If a tolling statute does not mention the effect of a guardian's appointment, it is presumed that the legislature intended appointment of a guardian to have no effect on the tolling statute. *O'Brien v. Massachusetts Bay Transportation Authority*, 541 N.E. 2d 334, 337 (Mass. 1989). "[T]he absence of specific language regarding the effect of guardianship on the statute 'means that the statute was intended to operate regardless of the guardian's presence.'" *Id*. (quoting *Young*, 770 P.2d at 185).

¶ 22   One Illinois court has ruled that a representative's institution of an action on behalf of a minor had no effect on the statute that tolled the action until the minor reached majority. See *Libby, McNeill & Libby v. Kearney*, 124 Ill. App. 339, 346 (1906). The court held: "The bringing of a suit by next friend during the plaintiff's minority on one cause of action, certainly does not waive the right secured by statute to the infant to sue after he comes of age on another." *Id*. Thus, the court allowed the plaintiff to file additional counts more than two years after the next friend filed suit because the statute of limitations did not begin running until the plaintiff reached the age of majority. See *id*.

¶ 23   Courts in almost every other jurisdiction agree that the applicable statute of limitations remains tolled even after a representative files suit on behalf of a minor or disabled person. "It is the established rule in the majority of jurisdictions deciding the issue that the mere commencement of litigation has no effect on a tolling statute." *Luchini v. Harsany*, 779 P. 2d 1053, 1056 (Or. App. 1989); see *Czimmer v. Janssen Pharmaceuticals, Inc.*, 122 A. 3d 1043, 1060-61 (Pa. Sup. Ct. 2015) (statute of limitations remains suspended even if parent or guardian files suit on behalf of minor child); *Rachal v. O'Neil*, 925 A.2d 920, 924 (R.I. 2007) (suit instituted on behalf of minor had no effect on tolling statute); *Abels v. Genie Industries, Inc.*, 202 S.W.3d 99, 106 (Tenn. 2006) (tolling provision "remains in effect as to plaintiffs of 'unsound mind' for so long as they remain of 'unsound mind' regardless of *** the commencement of a lawsuit by a representative on behalf of the disabled plaintiff"); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 756 (Tex. 1993) ("the mere commencement of a lawsuit by, or on behalf of, a legally incapacitated individual is, considered alone, insufficient to deny the protection of the tolling provision"); *Tzolov v. International Jet Leasing, Inc.*, 232 Cal.App.3d 117, 121 (1991) (filing of action by guardian *ad litem* did not affect tolling of statute of limitations); *Genesco, Inc. v. Cone Mills Corp.*, 604 F.2d 281, 286-87 (4th Cir.

9

1979) (parent filing complaint on behalf of minor did not start running of statute of limitations against minor); *Walker v. Pacific Basin Trading Co.*, 536 F.2d 344, 346-47 (10th Cir. 1976) (plaintiff could add a defendant more than two years after injury occurred because plaintiff alleged he suffered from legal disability, which tolled statute of limitations). But see *White v. Murphy*, 789 F.2d 614, 615 (8th Cir. 1986) (prisoner's filing of action during imprisonment stopped tolling statute applicable to him); *Johnson v. McLean*, 630 S.W.2d 790, 793-94 (Tex. Ct. App. 1982) (same).

¶ 24 "[T]he extension created for *** the mentally handicapped is not terminated by the commencement of litigation by the representative." *Luchini*, 779 P. 2d at 1056 (citing *Van Buskirk v. Todd*, 269 Cal. App. 2d 680, 689 (1969); *Haberkorn v. ROHM-GMBH*, 709 P. 2d 44, 45-46 (Colo. Ct. App. 1985); *Gundershein v. Bradley-Mahoney Coal Corp.*, 68 N.E.2d 599, 600 (N.Y. Ct. App. 1946)). Because the right to tolling belongs to the disabled person, the guardian's commencement of litigation should have no effect on a tolling statute. See *Luchini*, 779 P. 2d at 1056; *Young,* 770 P. 2d at 187; see also *Rachal*, 925 A.2d at 924 (disability is not removed or waived by representative filing suit). "Rather, the tolling of the statute of limitations continues until the disabled person's mind becomes 'sound,' or the person dies." *Abels*, 202 S.W.3d at 105; see also *Zayed v. Clark Manor Convalescent Center, Inc.*, 2019 IL App (1st) 181552, ¶ 28 ("the 'legal disability' preventing a disabled person from suing is removed when the disability is removed or when the disabled person dies").

¶ 25 Many jurisdictions have allowed a plaintiff bringing an action on behalf of a minor or disabled person to name a new defendant to an existing cause of action years after filing the initial complaint because the statute of limitations remains tolled. See *Rachal*, 925 A.2d at 928 (parents could amend personal injury suit brought on behalf of minor son to add a defendant); *Palla v.*

*McDonald*, 877 S.W.2d 472, 477 (Tex. Ct. App. 1994) (husband, as next friend of allegedly disabled wife, could amend medical malpractice action to add a new defendant over two years after initially filing suit); *Abels*, 202 S.W. 3d at 105 (guardian *ad litem* of disabled individual could amend complaint to add additional defendant); *Haberkorn*, 709 P.2d at 45-46 (complaint filed by father and next friend of minor could be amended four years later to add new claims); *State for Use of Brooks v. Gunn*, 667 S.W. 2d 499, 501 (Ct. App. Tenn. 1984) (minor's guardian could amend complaint to name new defendant more than two years after original complaint); *Genesco*, 604 F.2d at 286 (mother, who filed suit on behalf of minor daughter, against one defendant could sue additional defendant five years later); *Walker*, 536 F.2d at 346-47 (complaint filed on behalf of allegedly disabled plaintiff could be amended to add new defendants more than two years after accident occurred). "[T]he mere fact suit was filed on behalf of [the disabled person] against other defendants is not sufficient to deny the protection of the tolling of the statute of limitations on [the disabled person's] cause of action against a different defendant." *Palla*, 877 S.W.2d at 477.

¶ 26    Here, Lakewood argues that we should answer the certified question in the positive because (1) Andrules' rights were adequately protected when Gavlin filed a complaint on her behalf, and (2) it is unfair to subject it to liability for Andrules' injuries for her entire lifetime because of her disability. Lakewood alternatively argues that the doctrine of *laches* applies. We disagree with each of these contentions.

¶ 27    First, removing the protection of a tolling statute when a representative of a disabled person files suit does not adequately protect a disabled person because "access to the courts does not alone provide a legally incapacitated person a viable opportunity to protect his legal rights." *Ruiz*, 868 S.W.2d at 755. "The disability of a person of unsound mind is not only the lack of access to the courts, but also the inability to participate in, control, or even understand the progression and

disposition of their lawsuit." *Id*. In creating tolling statutes, legislatures consider "not merely the inability to sue, but also the difficulties of the incompetent in giving information and testifying." *Wolf v. United States*, 10 F.Supp. 899, 900 (S.D. N.Y. 1935). Because a disabled person cannot actively participate in a lawsuit on his or her behalf, it is reasonable to require statutes of limitations and repose to be tolled until the disability is removed. See *Sheehan*, 290 Ill. App. at 555 *Pardy*, 548 F.Supp. at 684.

¶ 28        Additionally, courts have rejected arguments from defendants like Lakewood, that it is unfair for their potential liability to extend throughout the lifetime of a disabled plaintiff. See *Ruiz*, 868 S.W.2d at 755, *Tzolov*, 232 Cal.App.3d at 120; *O'Brien*, 541 N.E.2d at 337-38; *Young*, 770 P. 2d at 187. Disability tolling statutes reflect "a considered legislative judgment that in enumerated circumstances the strong policy in favor of prompt disposition of disputes must give way to the need to protect a plaintiff who is unable to protect himself or herself." *Tzolov,* Cal.App.3d at 120. The need to protect continues "so long as the plaintiff remains incompetent." *Id*. To hold that a tolling statute terminates prior to a disabled person becoming competent "would constitute tampering with the significant public policy reflected" in tolling statutes: "the protection and preservation of the substantive rights of mentally incompetent persons." *Paavola v. Saint Joseph Hospital Corp.*, 325 N.W. 2d 609, 611 (Mich. Ct. App. 1982). Courts will not imply exceptions to disability tolling statutes where they have not been expressly provided by the legislature. See *Young*, 770 P. 2d at 187; *O'Brien*, 541 N.E.2d at 338.

¶ 29        Finally, the equitable doctrine of *laches* bars an action where an unreasonable delay in bringing a suit has caused a party to be misled, to be prejudiced or to take action it would not have otherwise taken. *Valdovinos v. Tomita*, 394 Ill. App. 3d 14, 18 (2009). A disabled person "cannot be held accountable for any apparent delay, negligence, or laches in seeking redress through the

12

courts, and he is not affected by the limitations period in the statute." *Haas*, 82 Ill. App. 3d at 349. Thus, a suit cannot be dismissed based on the defense of *laches* where the victim is disabled. *Van Buskirk*, 148 Ill. at 26; *Dodge v. Cole*, 97 Ill. 338, 349-50 (1881); *Haas*, 82 Ill. App. 3d at 349; *Valdovinos*, 394 Ill. App. 3d at 18.

¶ 30   In this case, we have been asked to determine whether the filing of a cause of action by a representative of a disabled person stops tolling the applicable disability statute so that the statutes of limitations and repose bar the addition of a new defendant to the cause of action. We answer that question in the negative, finding that tolling due to a disability terminates only upon the occurrence of one of two events: (1) the death of the disabled person; or (2) the removal of the disability. See *Zayed*, 2019 IL App (1st) 181552, ¶ 28. Because Andrules was still alive and disabled when Gavlin filed the claim against Lakewood, it was not untimely. The trial court properly denied Lakewood's motion to dismiss.

¶ 31                                   CONCLUSION

¶ 32   For the foregoing reasons, we answer the certified question in the negative.

¶ 33   Certified question answered; cause remanded.