Docket Nos. 81369, 81451, 81474 cons.–Agenda 15–May 1997.

BRIAN BRUSO, a Minor by His Mother and Next Friend, Elaine Bruso, 
et al
., Appellees, v. ALEXIAN BROTHERS HOSPITAL 
et al
., Appellants.

Opinion filed October 2, 1997.

JUSTICE BILANDIC delivered the opinion of the court:

The sole issue in this appeal is whether a medical malpractice plaintiff who suffers from the dual legal disabilities of minority and mental incompetency is subject to the eight-year repose period for minors contained in the medical malpractice statute of limitations or is entitled to application of the tolling provision for legal disabilities other than minority contained in that statute (735 ILCS 5/13–212(b), (c) (West 1994)).

FACTS

Plaintiffs, Brian Bruso, a minor, by his mother and next friend, Elaine Bruso, and Elaine Bruso and Arthur Bruso, individually, instituted this medical malpractice action against defendants, Alexian Brothers Hospital, Dr. William Matviuw, Dr. Peter D. Scalzitti, Dr. Howard Singer, and Dr. Jerry C. Levin, on December 30, 1992, in the circuit court of Cook County. Plaintiffs sought damages for injuries allegedly suffered by Brian Bruso at the time of his birth on July 19, 1976. Plaintiffs also alleged that Brian, “on or about July 19, 1976, became and continues to be disabled, totally without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs.”

Defendants moved to dismiss plaintiffs' action on the ground that the suit, filed more than 16 years after the alleged malpractice occurred, was barred by the eight-year statute of repose contained in section 13–212(b) of the Code of Civil Procedure (735 ILCS 5/13–212(b) (West 1994)). Plaintiffs responded that the action was not time-barred because subsection (c) of section 13–212 applied to the action. Section 13–212(c) tolls the limitations period if the person entitled to bring the action is “under a legal disability other than being under the age of 18 years.” 735 ILCS 5/13–212(c) (West 1994).

The trial court granted defendants' motions to dismiss, finding that plaintiffs' claims were time-barred under section 13–212(b). Plaintiffs appealed to the appellate court, which reversed the dismissal. The appellate court held that section 13–212(c) tolled the running of the limitations period on plaintiffs' medical malpractice action. No. 1–94–3210 (unpublished order under Supreme Court Rule 23). We accepted defendants' petitions for leave to appeal. 155 Ill. 2d R. 315. We now affirm the appellate court.

ANALYSIS

We are called upon to interpret the medical malpractice statute of limitations contained in section 13–212 of the Code of Civil Procedure. Section 13–212 provides, in its entirety, as follows:

“Physician or hospital. (a) Except as provided in Section 13–215 of this Act [fraudulent concealment], no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) Except as provided in Section 13–215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death 
where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years
; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987.

(c) 
If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed.
” (Emphasis added.) 735 ILCS 5/13–212 (West 1994)).

The principles we apply in construing a statute are well settled. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. 
Envirite Corp. v. Illinois Environmental Protection Agency
, 158 Ill. 2d 210, 216 (1994); 
Antunes v. Sookhakitch
, 146 Ill. 2d 477, 484 (1992). The best evidence of the legislature's intent is the language of the statute itself. 
Bonaguro v. County Officers Electoral Board
, 158 Ill. 2d 391, 397 (1994). The court must evaluate the language of the statute as a whole, considering each part or section in connection with every other part or section. 
Bonaguro
, 158 Ill. 2d at 397; 
Antunes
, 146 Ill. 2d at 484. Where the legislature's intent can be ascertained from the plain language of the statute, that intent must prevail and will be given effect without resort to other aids for construction. 
DiFoggio v. Retirement Board of the County Employees Annuity & Benefit Fund
, 156 Ill. 2d 377, 382 (1993). On appeal, an issue of statutory construction is subject to 
de novo
 review. 
Lucas v. Lakin
, 175 Ill. 2d 166, 171 (1997).

Plaintiffs contend that section 13–212(c) applies to toll the limitations period on Brian's medical malpractice action because the complaint alleges that Brian “is under a legal disability other than being under the age of 18 years,” namely, mental incompetency. Defendants, on the other hand, argue that the eight-year repose period in section 13–212(b) is applicable to the claims of all minors, including those who suffer from an additional legal disability such as incompetency, and that subsection (c) never applies to the claims of minors.

We find that the plain language of section 13–212 evinces an intent to include minors who suffer from an additional legal disability within the purview of the tolling provision of subsection (c). Subsection (c) unambiguously provides that, where the plaintiff is “under a legal disability other than being under the age of 18 years,” the limitations period is tolled until the disability is removed. On its face, this provision clearly applies to plaintiffs who, like the plaintiff here, are minors and are also under another legal disability such as incompetency. Under the clear language of section 13–212, if the plaintiff is a minor who does not suffer from any additional legal disability, the eight-year repose period of section 13–212(b) applies. If, however, the plaintiff suffers from the dual disabilities of minority 
and
 incompetency, the plaintiff is subject to the tolling provision of subsection (c). The language of subsection (c) does not exempt minors from its scope; rather, it clearly broadens the tolling provision to encompass minors who are also under an additional legal disability.

 That this is the intent of subsection (c) is further revealed when the language of section 13–212 as a whole is considered. Subsection (a) sets forth the general statute of limitations for medical malpractice actions–two years from the date of discovery or four years from the date of the occurrence. Subsection (b) provides a different, extended limitations period where the plaintiff is a minor–eight years from the date of the occurrence. Subsection (c) provides a different limitations period where the plaintiff is under a legal disability other than minority. The import of this structure is apparent: a plaintiff generally has no longer than four years to bring a medical malpractice action, except that, if the plaintiff is a minor, he or she has eight years to bring the action, and, in either case, if the plaintiff is under a legal disability such as mental incompetency, the running of the limitations period is tolled until the disability is removed. Subsection (c) is clearly intended to act as an exception to both subsections (a) and (b). If the legislature had intended legal disability to be an exception for adults only, the logical place for that exception would have been in, or immediately following, subsection (a). The legislature, however, chose to locate the tolling provision for legal disability in a separate subsection following subsections (a) and (b).

Thus, the plain language of section 13–212 demonstrates that the legislature intended to include minors who also suffer from another legal disability within the purview of the subsection (c) tolling provision. Notably, every decision that has addressed this issue has reached this same conclusion. In addition to the appellate decision in this case, our appellate court has addressed this issue in two other cases. In 
Clark v. Han
, 272 Ill. App. 3d 981 (1995), the court held that a minor who was also mentally incompetent was entitled to application of the tolling provision of section 13–212(c). The 
Clark
 court found that the plain language of subsection (c) indicated an intent to apply that provision to all legally disabled persons, whether they are minors or adults. 
Clark
 was followed by the appellate court in 
S.D. v. Kishwaukee Community Hospital
, 288 Ill. App. 3d 472 (1997). Likewise, the United States District Court for the Northern District of Illinois considered this precise issue and concluded that a mentally incompetent minor was entitled to application of the tolling provision of section 13–212(c). 
West v. Rockford Memorial Hospital
, No. 90–C–20126 (N.D. Ill. January 23, 1995).

 We are persuaded that these decisions correctly resolved this issue. Illinois law has long recognized that incompetents are favored persons in the eyes of the law and courts have a special duty to protect their rights. 
Macdonald v. La Salle National Bank
, 11 Ill. 2d 122, 125 (1957); 
Van Buskirk v. Van Buskirk
, 148 Ill. 9, 26 (1893); see also 
In re Guardianship of Mabry
, 281 Ill. App. 3d 76, 85 (1996). The purpose of tolling provisions for legal disability, such as that contained in section 13–212(c), is to protect the rights of those who are not competent to do so themselves. These provisions recognize that the enforcement of an incompetent person's rights should not be “ `left to the whim or mercy of some self-constituted next friend.' ” 
Passmore v. Walther
 
Memorial Hospital
, 152 Ill. App. 3d 554, 558 (1987), quoting 
Girman
 v. County of Cook
, 103 Ill. App. 3d 897, 898 (1981). That purpose does not change simply because the incompetent person is also a minor. In fact, it has long been the public policy of this state that courts should carefully guard the rights of minors and that a minor should not be precluded from enforcing his or her rights unless clearly barred from doing so. 
Severs v. Country Mutual Insurance Co.
, 89 Ill. 2d 515, 520-21 (1982); 
Walgreen Co. v. Industrial Comm'n
, 323 Ill. 194, 197 (1926). The construction of section 13–212(c) urged by defendants would have the incongruous effect of providing greater protection to the rights of adults who are mentally incompetent and lesser protection to the rights of minors who are mentally incompetent. Nothing in the language of section 13–212 suggests that the legislature intended this result.

Defendants nonetheless argue that the legislature's intent was to exclude minors from the scope of section 13–212(c) and to impose, instead, an absolute eight-year repose period on all claims brought by minors, regardless of whether the minor suffers from an additional legal disability. We first note that, where the language of a statute plainly reveals its intent, there is no need for this court to look further for evidence of legislative intent. 
People v. Porter
, 156 Ill. 2d 218, 222 (1993). Moreover, in applying the plain language of a statute, it is not this court's function to search for any subtle or not readily apparent intention of the legislature. 
DiFoggio v. Retirement Board of the County Employees Annuity & Benefit Fund
, 156 Ill. 2d 377, 383 (1993). We have already held that the plain language of section 13–212 reveals the legislature's intent to include minors who suffer from an additional legal disability within the purview of subsection (c). Regardless, the evidence of contrary legislative intent proffered by defendants is not persuasive.

First, defendants contend that section 13–212(c) must be interpreted as excluding minors because of a definition of “person under legal disability” contained in the Statute on Statutes (5 ILCS 70/1 
et seq.
 (West 1994)). That definition provides:

“ `Person under legal disability' means a person 18 years or older who (a) because of mental deterioration or physical incapacity is not fully able to manage his or her person or estate, or (b) is a person with mental illness or is a person with developmental disabilities and who because of his or her mental illness or developmental disability is not fully able to manage his or her person or estate, or (c) because of gambling, idleness, debauchery or excessive use of intoxicants or drugs, so spends or wastes his or her estate as to expose himself or herself or his or her family to want or suffering.” 5 ILCS 70/1.06 (West 1994).

Defendants contend that this definition must be used to define “under a legal disability” for purposes of section 13–212(c). Thus, defendants argue, a “person under a legal disability” is, by definition, a person 18 years or older and the tolling provision of subsection (c) therefore can never apply to a minor's claim. We disagree.

Although the definitions provided by the Statute on Statutes are generally to be observed, the Statute expressly states that it does not control the construction of statutes where the construction would be inconsistent with legislative intent or repugnant to the context of the statute. 5 ILCS 70/1 (West 1994). Application of the above definition to section 13–212(c) would be inconsistent with the legislative intent of section 13–212. We have already concluded that the plain language of section 13–212 evidences an intent that minors be included within the purview of the tolling provision of subsection (c). Application of a definition that would exclude minors from that provision would therefore be contrary to the legislative intent. Moreover, application of the Statute on Statutes' definition could be repugnant to the context of section 13–212. As noted above, this definition defines “[p]erson under legal disability” as, among other things, a person who “because of gambling, idleness, debauchery or excessive use of intoxicants or drugs, so spends or wastes his or her estate as to expose himself or herself or his or her family to want or suffering.” 5 ILCS 70/1.06(c) (West 1994). We are certain that the legislature did not intend to include “idleness” or “debauchery” as legal disabilities which will toll the medical malpractice statute of limitations. In sum, we are not persuaded that the definition of “person under legal disability” contained in the Statute on Statutes requires a holding that section 13–212(c) does not apply to minors.

Defendants also contend that the legislative history of section 13–212 demonstrates that the legislature intended to exempt minors from the tolling provision of section 13–212(c). Defendants rely on a 1987 amendment to section 13–212. Prior to 1987, section 13–212 provided that all medical malpractice claims must be filed within two years of the date of discovery or four years of the date of the occurrence, and further provided that the limitations period was tolled if the person entitled to bring the action was under the age of 18 or under a legal disability. Ill. Rev. Stat. 1985, ch. 110, par. 13–212. In 1987, the legislature amended section 13–212 to substantially its present form. The 1987 amendment eliminated minority as a basis for tolling the limitations period and created an eight-year repose period for minors. Pub. Act 85–18, eff. January 1, 1988. Defendants argue that, by means of the 1987 amendment, the legislature demonstrated its intent to subject the medical malpractice claims of all minors, even those who are also mentally incompetent, to an eight-year repose period. Defendants also note that the appellate court decision in 
Passmore v. Walther Memorial Hospital
, 152 Ill. App. 3d 554 (1987), was handed down in January of 1987. In 
Passmore
, the appellate court held that a minor plaintiff in a medical malpractice action who was also mentally incompetent was entitled to application of the tolling provision for legal disability in section 13–212. 
Passmore
, 152 Ill. App. 3d at 558. Defendants contend that the 1987 amendment to section 13–212 was made in response to 
Passmore
 and was intended to legislatively overrule 
Passmore
.

 What defendants fail to acknowledge, however, is that in the 1987 amendment to section 13–212, the legislature chose 
not
 to alter the existing tolling provision that applied to the legally disabled. Other than eliminating minority as a basis for tolling, the 1987 amendment did not change the substance of the tolling provision. Rather, after the 1987 amendment, section 13–212 continued to recognize, as it had before, a tolling provision for those who suffer from a legal disability other than minority. There is simply no indication that the 1987 amendment was intended to have any effect on the availability of the tolling provision for persons under a legal disability other than minority. As noted by a federal district court in rejecting this same argument:

“[W]hen the legislature enacted section 5/13–212(b), deciding that persons whose legal disability is minority would, in fact, have to rely on a next-friend to bring a medical malpractice action, it did not change the historical rationale with regard to other legal disabilities, as is demonstrated by the continued existence of section 5/13–212(c).” 
West
, slip op. at 7 n.4.

Nor is there any indication that the 1987 amendment was made in response to, or was intended to alter, the appellate court's decision in 
Passmore
. The sole issue in 
Passmore
 was whether the minor plaintiff was entitled to application of section 13–212's tolling provision for 
legal disability
. As noted, however, the 1987 amendment changed only the limitations periods affecting 
minors
 and effected no substantive change in the tolling provision for persons under a legal disability other than minority. As defendants note, in amending a statute, the legislature is presumed to have been aware of judicial decisions interpreting the statute and to have acted with this knowledge. 
People v. Hickman
, 163 Ill. 2d 250, 262 (1994). Thus, although presumed to be aware of 
Passmore
, the legislature in 1987 chose not to eliminate legal disability as a basis for tolling the medical malpractice statute of limitations. Moreover, the legislature chose not to expressly state that, contrary to the conclusion reached in 
Passmore
, a minor could not be considered legally disabled for purposes of the tolling provision. If the legislature had intended to 
exclude
 minors from the scope of the tolling provision in section 13–212, when 
Passmore
 had just held that minors were 
included
 within that provision, that intention would have been indicated. In sum, the legislature chose not to include language in section 13–212 making the eight-year repose period applicable to all minors, regardless of the existence of a separate and independent legal disability. We will not read such a limitation into the statute.

Defendants attempt to buttress their contention that the 1987 amendment exempted minors from the tolling provision by reference to the legislative debates surrounding that amendment. The comments pointed to by defendants, however, do not reveal an intent to affect the rights of persons who are under a legal disability other than minority. To be sure, as defendants point out, these comments show that the legislature was concerned with the “long tail” of medical malpractice liability in cases involving minors. The Senate sponsor of the bill stated that the amendment was intended to shorten the limitations period for minors' medical malpractice claims. The sponsor noted that, under the current statute, minors' cases could be filed as long as 22 years after the alleged malpractice occurred. We have reviewed the entirety of the debates surrounding the 1987 amendment provided by the parties and we have found 
no
 reference in those debates to legally disabled persons in general, or specifically to legally disabled minors. Thus, while the legislature may have intended to shorten the “long tail” of liability in cases involving minors, there is absolutely no indication that the legislature intended to affect the even “longer” tail of liability in cases involving persons under a legal disability other than minority.

Defendants also argue that the tolling provision of section 13–212(c) does not apply to this case because subsection (b) provides only a “single exception to that absolute statute of repose–fraudulent concealment under section 13–215.” They claim that this evidences an intent to exclude subsection (c) as an exception to the repose period of section 13–212(b). This argument is wholly unpersuasive. Defendants neglect to note that subsection (a) of 13–212 also expressly refers only to the “single exception” of section 13–215. See 735 ILCS 5/13–212(a) (West 1994). If defendants' argument in this regard were accepted, subsection (c) would operate as an exception to 
neither
 subsection (a) nor (b), and would thus be entirely illusory. The legislature did not intend such a result.

Finally, defendants contend that the appellate court's interpretation of section 13–212 violates constitutional guarantees of equal protection. Defendants argue that, under this interpretation, the statute provides different treatment to mentally incompetent minors and mentally competent minors, with no rational basis for the differentiation. We agree with plaintiffs that defendants lack standing to raise this constitutional challenge. In order to have standing to pursue an equal protection challenge, the party must be a member of the class against whom the statute allegedly discriminates. See 
In re Powell
, 126 Ill. 2d 15, 26 (1988). Here, defendants argue that the appellate court's interpretation unconstitutionally differentiates between mentally competent and mentally incompetent minors. Obviously, defendants, a hospital and several physicians, do not fall into either of those categories. Defendants are therefore without standing to pursue this argument.

Defendant Alexian Brothers Hospital makes the additional argument that, even assuming a minor could come within subsection (c), that subsection does not apply in this case because the complaint does not allege that Brian was legally disabled “at the time the cause of action accrued.” This defendant contends that “the only reasonable construction of this phrase is that the disability existed 
before
, and not 
as a result
 of, the negligence.” Plaintiffs respond that this argument is waived because it was not raised by defendants in the trial court or the appellate court. Our review of the record indicates that this argument was not raised in the trial court. The defendant does not even assert that this argument was raised in their briefs in the appellate court, and the appellate court's order makes no mention of this issue. The issue is therefore waived. 
Snover v. McGraw
, 172 Ill. 2d 438, 449 (1996).

Accordingly, we hold that where a plaintiff in a medical malpractice action is a minor and also under another legal disability such as mental incompetency, the plaintiff's action is subject to the tolling provision of section 13–212(c) and not the eight-year repose period of section 13–212(b). The trial court therefore erred in dismissing plaintiffs' medical malpractice counts on the ground that they were time-barred under section 13–212(b).

One final matter remains. In addition to the medical malpractice claims on behalf of Brian, plaintiffs' complaint also sought relief on behalf of Elaine and Arthur Bruso, individually, under the Rights of Married Persons Act (750 ILCS 65/15 (West 1994)). The circuit court dismissed the Married Persons Act claims because they were derivative of the medical malpractice claims. The appellate court found that plaintiffs had waived review of the dismissal of the Married Persons Act claims by failing to present argument on that issue. Plaintiffs have not challenged that holding in this court. We therefore find that review of the dismissal of the Married Persons Act claims has been waived.

The judgment of the appellate court, remanding the cause to the circuit court for further proceedings, is affirmed.

Appellate court judgment affirmed
.