SUSAN JOHNSON et al., Plaintiffs-Appellants, v. THE DEPARTMENT OF PROFESSIONAL REGULATION et al., Defendants-Appellees.

Fourth District    No. 4—98—0962

Argued May 25, 1999.—Opinion filed November 8, 1999.

GARMAN, J., dissenting.

Mark D. Johnson (argued), of Johnson Law Office, Ltd., of Bloomington, for appellants.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Elizabeth Schenkier (argued), Assistant Attorney General, of counsel), for appellees.

JUSTICE COOK delivered the opinion of the court:

Plaintiffs applied to defendant, Illinois Department of Professional Regulation (Department), for licensing as private detectives. The Department rejected the applications because plaintiffs failed to satisfy statutory qualifications required of private detectives. The circuit court of McLean County affirmed the decision of the Department. Plaintiffs appeal. We reverse and remand.

On January 1, 1998, plaintiff Susan Johnson was employed as a full-time investigator with the Johnson law office. Johnson, who had a baccalaureate degree in psychology, had been employed at the law office for 19 months. She previously had been employed as an investigator with the McLean County public defender's office. Johnson's law office employment included interviewing witnesses, taking statements, preparing witnesses for trial, reviewing police reports, serving subpoenas, summons, and other legal documents, and tracking down witnesses.

On January 1, 1998, plaintiff Lea Powell was employed as a full-time investigator with the McLean County public defender's office. She had previously done work in a private law office. Powell had a baccalaureate degree in criminal justice and had been employed in the public defender's office for 30 months. Powell's employment with the public defender's office included photographing and surveying crime scenes, taking and verifying statements from witnesses, conducting jail interviews, preparing cases for trial, and serving subpoenas.

■ Plaintiffs' activities appear to violate the Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993 (1993 Act) (225 ILCS 446/75(a)(6) (West 1996)). A private detective's license is required of anyone who by any means makes investigations, for a fee, of (1) crimes; (2) the identity, conduct, credibility, *et cetera*, "of any person, firm, association, or corporation"; (3) lost or stolen property; (4) the cause or responsibility for fires, accidents, or injuries; or (5) "[t]he truth or falsity of any statement"; or (6) leading to "[s]ecuring evidence to be used before any court," board, or committee. 225 ILCS

446/5 (West 1996). A private detective's license is also required of anyone who engages in bodyguard functions or serves process in criminal or civil proceedings without court order. 225 ILCS 446/5 (West 1996). The 1993 Act is very broadly written. Every employee who investigates anything in the course of his or her employment, without a private detective's license, arguably violates the Act. The Act is seldom, if ever, enforced, but its constitutionality cannot be sustained on that basis.

Because the 1993 Act is so broad, its constitutionality depends on its many exceptions. Without exceptions to the 1993 Act, attorneys would need a private detective's license to seek out and interview witnesses, bank employees would need a private detective's license to determine the creditworthiness of loan applicants, and insurance adjusters would need to be licensed as private detectives. Statutory exceptions cover these areas (225 ILCS 446/30(2) through (7) (West 1996)) but other problem areas remain. A department store manager who is concerned whether employees are punching each others' time cards, taking home merchandise, or sexually harassing each other may need a private detective's license before making any inquiries. Attorneys may look for and talk to witnesses without a private detective's license (225 ILCS 446/30(2) (West 1996)) but it appears their paralegals may not.

On January 21, 1998, Johnson and Powell each submitted an application to the Department for a private detective's license. In February 1998, Continental Testing Services, Inc. (Continental), the company assigned to administer the private detective test, rejected plaintiffs' applications because plaintiffs failed to satisfy the statutory requirements to become a private detective.

■ The 1993 Act requires that applicants for a license to be a private detective meet the following requirements: (1) three years' experience during the last five years "working full-time for a licensed private detective agency as a registered private detective employee," or (2) three years' experience during the last five years "employed as a full-time investigator in a law enforcement agency of a federal or State political subdivision, approved by the [Illinois Private Detective, Private Alarm, Private Security and Locksmith] Board [(Board)] and the Department." 225 ILCS 446/75(a)(6) (West 1996). Applicants with a baccalaureate degree in police science or a related field, or a business degree, shall be given credit for two of the three years' required experience. Applicants with associate's degrees in those fields shall be given credit for one of the three years' required experience. 225 ILCS 446/75(a)(6) (West 1996). Continental denied Johnson's application because her education was in an unrelated field and her work experi-

ence was inadequate and denied Powell's application because her work experience was inadequate.

Is it really true that criminal defense attorneys must rely on former police officers to seek out and interview defense witnesses? Section 14(a)(7) of the Private Detective, Private Alarm, and Private Security Act of 1983 (1983 Act) (see 225 ILCS 445/14(a)(7) (West 1992)) allowed an applicant to receive a private detective's license based on three years' experience working as an attorney's investigator. However, section 14(a)(7) was not included when the 1993 Act was adopted.

Plaintiffs appealed Continental's decision to the Board. After a hearing in March 1998, the Board recommended plaintiffs' applications be denied for failure to satisfy the statutory requirements. The Department accepted the Board's recommendation and denied plaintiffs' applications. Plaintiffs then filed a complaint for administrative review in the circuit court of McLean County. In October 1998, the circuit court affirmed the Department's decision. This appeal followed.

■■ ■ The State, pursuant to its inherent police powers, may regulate businesses for the protection of the public health, safety and welfare. The fact that the legislature has invoked its police power to regulate a particular trade, however, is not conclusive that such power was lawfully exercised. *Church v. State*, 164 Ill. 2d 153, 164-65, 646 N.E.2d 572, 578-79 (1995). A statute that gave master plumbers monopolistic control over the avenues of entry into the plumbing business was held unconstitutional in *People v. Brown*, 407 Ill. 565, 585, 95 N.E.2d 888, 899 (1950). The legislature may reasonably require an applicant to have practical experience, such as an apprenticeship, as a prerequisite to licensure. The supreme court has established a two-part test to determine whether an apprenticeship provision is constitutionally valid: (1) the provision must not have the effect, when implemented, of conferring on members of the trade a monopolistic right to instruct, and (2) it must be structured in such a way that the apprenticeship it requires is calculated to enhance the expertise of prospective licensees. *People v. Johnson*, 68 Ill. 2d 441, 447, 369 N.E.2d 898, 901 (1977).

Applying this two-part test, the portion of the 1993 Act requiring licensing for private alarm contractors was recently held unconstitutional in *Church*, 164 Ill. 2d at 167-68, 646 N.E.2d at 580. "No matter how well qualified a person may be by instruction, training[,] or prior experience, he or she can never of his or her own free will become a licensed private alarm contractor unless a member of the regulated industry is willing to hire him or her on a full-time basis for the requisite time period in a particular capacity." *Church*, 164 Ill. 2d at

168, 646 N.E.2d at 580. The supreme court distinguished *People ex rel. Chicago Dental Society v. A.A.A. Dental Laboratories, Inc.*, 8 Ill. 2d 330, 134 N.E.2d 285 (1956), and *Illinois Polygraph Society v. Pellicano*, 83 Ill. 2d 130, 414 N.E.2d 458 (1980), as cases where "any person" could obtain a license. *Church*, 164 Ill. 2d at 168-70, 646 N.E.2d at 580-81. The private alarm contractor licensing scheme also violated the second part of the *Johnson* test because nothing suggested that the necessary expertise could "be provided only by full-time employment as a private alarm contractor for three years in a supervisory capacity." *Church*, 164 Ill. 2d at 171-72, 646 N.E.2d at 582.

◼ The Department argues that the 1993 Act is different from the statutes struck down in *Church* and *Johnson*, because the private detective business does not hold monopolistic control over licenses. An applicant can qualify for a private detective license by working as "a full-time investigator in a law enforcement agency of a federal or State political subdivision." 225 ILCS 446/75(a)(6) (West 1996). It cannot be said, however, that expanding the experience requirement to include police officers has made it possible for "any person" who possesses the necessary abilities to become a licensed private detective. See *Chicago Dental Society*, 8 Ill. 2d at 337, 134 N.E.2d at 290; *Illinois Polygraph Society*, 83 Ill. 2d at 143-45, 414 N.E.2d at 465-66. Not many people, no matter how well qualified, can become police officers.

The legislature cannot avoid the charge of "monopolistic right to instruct" by adding to the members of the business a few individuals who may not be interested in participating in the business anyway. The evil here is monopoly power, whether that power is exercised by a single group or by one group in connection with another. The Department has not attempted to show that allowing experience as police officers has, in practice, reduced the monopoly power of the private detective business. There is also a contradiction in requiring full-time employment in a certain field as a precondition for full-time employment in some other field. There is no logical progression from full-time police officer to private detective. A police officer will have to either retire or become dissatisfied with the police force to be a candidate for a private detective's license. Work as a full-time investigator in a law enforcement agency cannot be described as an apprenticeship toward being a private detective. No justification appears for limiting work in the broad areas covered in section 75(a)(6) of the 1993 Act to retired police officers and those selected by the private detective business.

Nor can it be said that the necessary expertise to become a private detective could "be provided *only* by full-time employment as a [police officer] for three years." (Emphasis added.) *Church*, 164 Ill. 2d at 171-

72, 646 N.E.2d at 582. Police officers have some experience that is useful in performing some of the functions listed in section 5 of the 1993 Act (225 ILCS 446/5 (West 1996)) but so do many other individuals in different trades and professions. Given the breadth of section 5 of the 1993 Act, some covered investigations require experience and training in fields other than police work. For example, accountants and those who have worked in accountants' offices would likely have more proficiency in examining financial statements and documents for fraud and evidence of wrongdoing than would the typical police investigator. The same can be said of automobile mechanics, firefighters, bankers, building contractors, photographers, and scores of other trades and professions. The necessary expertise to perform "investigations" in those fields can be, and frequently is, provided by others than police officers.

The Department argues that Powell may be allowed to continue her employment as a full-time investigator with the McLean County public defender's office because the legislature exempted the State and its political subdivisions from compliance with the 1993 Act. 225 ILCS 446/30(1) (West 1996). That exemption, however, only serves to illustrate the irrationality of the 1993 Act. Why should paralegals in the public defender's office be allowed to seek out and interview witnesses, while paralegals in private law offices, in this case paralegals with public defender experience, are not? If the legislature has a legitimate interest in regulating those who may be employed in law offices, serving under the direction of licensed attorneys, it may promote that interest by listing qualifications that those employees must meet, but not by limiting law office employment to retired police officers and those chosen by the private detective business.

Similar to the court's ruling on the 1983 Act in *Church*, we conclude that the 1993 Act, as interpreted by the Department, violates both prongs of the *Johnson* test and is invalid. We reverse the decision of the circuit court, set aside the decision of the Department, and remand this cause to the Department with directions that plaintiffs shall be allowed to sit for the licensing examination.

Reversed and remanded with directions.

MYERSCOUGH, J., concurs.

JUSTICE GARMAN, dissenting:
I respectfully dissent. The statute is constitutional, and no unregulated monopoly in the private detective field has been created.

Legislation enjoys a presumption of constitutionality, and a party challenging a statute bears the burden of establishing its invalidity.

*People v. Lantz,* 186 Ill. 2d 243, 254, 712 N.E.2d 314, 319 (1999). The regulation of licenses is within the State's police power when such regulation is necessary and related to the protection of the public. *Scully v. Hallihan,* 365 Ill. 185, 191, 6 N.E.2d 176, 180 (1936). Thus, we must determine whether the 1993 Act's requirements bear a reasonable relationship to protecting the public from poorly trained private detectives. See *Johnson,* 68 Ill. 2d at 446, 369 N.E.2d at 901.

The majority relies on *Church,* 164 Ill. 2d 153, 646 N.E.2d 572, where the supreme court struck down the portion of the 1993 Act requiring licensing for private alarm contractors. The court, in applying the two-part test from *Johnson,* held that the statute granted the private alarm contractors monopolistic control over those who wished to enter the field and the record failed to establish that the statutory requirements were calculated to enhance the expertise of prospective licenses. *Church,* 164 Ill. 2d at 170, 646 N.E.2d at 581.

If we apply the same test to these facts, we find that an applicant can qualify for a private detective license by working as an "investigator in a law enforcement agency of a federal or State political subdivision." 225 ILCS 446/75(a)(6) (West 1996). The Administrative Code defines "investigator" as "a sworn peace officer who serves in the capacity of a full[-]time detective/investigator or above rank." 68 Ill. Adm. Code § 1240.10(b)(3) (1996). Thus, plaintiffs can satisfy the statutory requirements without working for a licensed private detective. An individual's access to a license in the field is not limited to a sole avenue of entry, as it was with the alarm contractors.

Section 75(a)(6) of the 1993 Act is also structured to enhance the training and expertise of newly licensed private detectives. Both a registered private detective employee and a sworn peace officer (1) are subject to background checks and (2) must complete extensive training before obtaining their position. See 68 Ill. Adm. Code §§ 1240.20, 1240.35 (1996) (a registered private detective employee must complete a minimum of 20 hours of training). Additionally, applicants receive credit toward the work experience requirements for earning a bachelor or associate's degree in a related field.

The legislature could reasonably conclude that such safety measures and training courses are necessary because, unlike a private alarm contractor, a private detective's actions may have a greater effect on the public. As section 5 of the 1993 Act provides, a private detective may (1) investigate crimes, people, or the veracity of any statement or representation; (2) secure evidence to be used before a court; (3) act as a bodyguard; and (4) serve process in criminal and civil proceedings. 225 ILCS 446/5 (West 1996). Thus, a significant level of training and expertise is necessary before becoming a private detective.

Moreover, the legislature's acceptance of experience gained as a sworn peace officer as an alternative to working for a licensed private detective is not illusory. In *Johnson*, the supreme court considered the Illinois Plumbing License Law (Ill. Rev. Stat. 1973, ch. 111½, par. 116.36 *et seq.*), which allowed plumbers to be licensed if they (1) had five years' experience as a registered apprentice or (2) completed an approved course of instruction from a trade school, college, or university. The court found the second alternative illusory because the statute allowed the Director of Public Health to prescribe what constituted an approved course of instruction; thus, the practical utility of the educational alternative was destroyed. See *Johnson*, 68 Ill. 2d at 449, 369 N.E.2d at 902-03.

Here, however, a sworn police officer's experience provides him with training that is at least equivalent to that obtained by a registered employee of a licensed private detective. Further, this experience may be obtained without working in the private detective field. Thus, an applicant may gain the necessary experience requirements by two separate means.

The private detective industry does not have the monopolistic power to control who will obtain a private detective's license. One can obtain the requisite work experience by working in the private detective business *or* via equivalent experience as a law enforcement officer. Therefore, I would uphold the constitutionality of the statute and affirm the circuit court and the Department.