LARRY L. WEIPERT, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

Fourth District   No. 4—01—1030

Opinion filed February 20, 2003.

COOK, J., dissenting.

Ronald G. Stradt, of Springfield, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

In February 2001, plaintiff, Larry L. Weipert, filed an application with defendant, the Illinois Department of Professional Regulation (Department), for licensure as a private detective. In June 2001, the Department denied Weipert's application because he lacked the three years' work experience required by section 75(a)(6) of the Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993 (Private Detective Act) (225 ILCS 446/75(a)(6) (West 2000)). In July 2001, Weipert filed a compliant for administrative review in the circuit court, which affirmed the Department's decision. Weipert appeals, arguing section 75(a)(6) is unconstitutional because its apprenticeship provision (1) grants a monopolistic right to instruct, (2) fails to enhance the expertise of prospective licensees, (3) fails to bear a reasonable relationship to the end of protecting the public, and (4) violates the federal and state equal protection clauses (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). We affirm.

## I. BACKGROUND

Weipert resides in Davenport, Iowa, where he is a private investigator licensed by the State of Iowa. In February 2001, Weipert submitted an application for licensure by endorsement with the Department. In April 2001, the Department denied Weipert's application based on endorsement and refused to allow Weipert to sit for the private detective examination. The Department informed Weipert of the experience requirement in Illinois. Weipert received two years' education credit for his baccalaureate degree in business administration, but he still needed one more year of qualifying work experience within the last five years. Weipert then requested the Department to reconsider his application. Weipert submitted a letter from his supervisor at State Farm Insurance, where he worked for 10 years as a claims representative. The letter detailed Weipert's "extensive experience in investigations."

In June 2001, the Department denied Weipert's application to sit for the private detective examination because he failed to meet the work experience requirement. The Department stated, "There is no provision that gives the Department authority to give credit to applicants for experience as an investigator for an insurance company." In July 2001, Weipert filed a complaint for administrative review, challenging the constitutionality of section 75(a)(6) of the Private Detective Act. In October 2001, the circuit court held a hearing and affirmed the Department's decision. This appeal followed.

## II. ANALYSIS

### A. Forfeiture

■ Initially, we note Weipert has forfeited his constitutional challenge to section 75(a)(6) of the Private Detective Act because he did not raise it before the administrative agency. *Carpetland U.S.A., Inc. v. Illinois Department of Employment Security*, 201 Ill. 2d 351, 396-97, 776 N.E.2d 166, 192 (2002). A party's right to question the validity of a statute is subject to forfeiture even though an administrative agency lacks the authority to invalidate a statute on constitutional grounds. *Carpetland*, 201 Ill. 2d at 397, 776 N.E.2d at 192. A party should assert a constitutional challenge on the record before the administrative tribunal because administrative review is confined to the proof offered before the agency. *Carpetland*, 201 Ill. 2d at 397, 776 N.E.2d at 192.

However, forfeiture is a limitation on the parties rather than on this court's jurisdiction, and we may relax the forfeiture doctrine when necessary to maintain a uniform body of precedent or where the interests of justice so require. *Carpetland*, 201 Ill. 2d at 397, 776 N.E.2d at 192. We deem this case to present one of those occasions.

### B. Standard of Review

■ This court reviews the constitutionality of a statute *de novo*. *Schober v. Young*, 322 Ill. App. 3d 996, 998, 751 N.E.2d 610, 612 (2001). Statutory enactments bear a heavy presumption of constitutionality. *Toney v. Bower*, 318 Ill. App. 3d 1194, 1198, 744 N.E.2d 351, 356 (2001). A party challenging the constitutionality of a statute has the burden of clearly establishing its invalidity. *Toney*, 318 Ill. App. 3d at 1198, 744 N.E.2d at 356-57. Courts must resolve all doubts in favor of the statute's constitutionality. *Toney*, 318 Ill. App. 3d at 1198, 744 N.E.2d at 357.

### C. Section 75(a)(6) of the Private Detective Act

■ Weipert challenges the constitutionality of section 75(a)(6) of the Private Detective Act, which requires applicants for a private detective license to have three years' experience during the last five years (1) "working full-time for a licensed private detective agency as a registered private detective employee" or (2) "employed as a full-time investigator for a licensed attorney or in a law enforcement agency of a federal or [s]tate political subdivision, which shall include a State's Attorney's office or a [p]ublic [d]efender's office." 225 ILCS 446/75(a)(6) (West 2000).

Applicants with a baccalaureate degree in police science or a related field, or a business degree, are given credit for two of the three years' required experience. Applicants with associate's degrees in

those fields are given credit for one of the three years' required experience. 225 ILCS 446/75(a)(6) (West 2000).

### D. Apprenticeship Test

■ The supreme court has established a two-part test to determine whether an apprenticeship provision is constitutional: (1) the provision must not have the effect, when implemented, of conferring on members of the trade a monopolistic right to instruct, and (2) it must be structured in such a way that the apprenticeship it requires is calculated to enhance the expertise of prospective licensees. *Johnson v. Department of Professional Regulation*, 308 Ill. App. 3d 508, 512, 720 N.E.2d 354, 357 (1999), citing *People v. Johnson*, 68 Ill. 2d 441, 447, 369 N.E.2d 898, 901 (1977).

### 1. *Monopolistic Right To Instruct*

■ Weipert first contends section 75(a)(6) of the Private Detective Act (225 ILCS 446/75(a)(6) (West 2000)) is unconstitutional because its apprenticeship provision grants a monopolistic right to instruct. Weipert cites *Johnson*, 308 Ill. App. 3d at 514, 720 N.E.2d at 358, in which this court invalidated a previous version of section 75(a)(6) as unconstitutional under both prongs of the apprenticeship test.

*Johnson* involved two plaintiffs who applied for licensing as private detectives: one plaintiff was employed as a full-time investigator with a private law office, and the other was employed as a full-time investigator with a county public defender's office. *Johnson*, 308 Ill. App. 3d at 510, 720 N.E.2d at 355. When the plaintiffs applied, working as a full-time law enforcement investigator was the only way to obtain qualifying experience without being a registered private detective employee. *Johnson*, 308 Ill. App. 3d at 511, 720 N.E.2d at 356. This court found a monopolistic right to instruct and concluded the required work experience was not calculated to enhance the expertise of prospective licensees. *Johnson*, 308 Ill. App. 3d at 513-14, 720 N.E.2d at 358.

*Johnson* is inapposite because the General Assembly has since expanded the types of qualifying work experience by amending section 75(a)(6) (Pub. Act 91—815, § 5, eff. June 13, 2000 (2000 Ill. Laws 1409, 1412)). A prospective licensee can meet the experience requirement by working as a full-time investigator "for a licensed attorney" or for "a State's Attorney's office or a [p]ublic [d]efender's office." 225 ILCS 446/75(a)(6) (West 2000).

Weipert argues he cannot become a private detective, no matter how well qualified he is, unless a licensed private detective agency, licensed attorney, or law enforcement agency so wills. Weipert asserts the Department has denied him a right to engage in a legitimate activ-

ity of his choice. Weipert's contentions are without merit. The issue is whether section 75(a)(6) confers on the *private detective business* a monopolistic right to instruct.

Under section 75(a)(6) as amended, a prospective licensee can obtain required experience by working outside the private detective business as a full-time investigator for a licensed attorney, a State's Attorney's office, or a public defender's office. Those employers are exempt from the provisions of the Private Detective Act. 225 ILCS 446/30(a)(1), (a)(2) (West 2000). Weipert does not assert those employers have any incentive to restrict entry into the private detective business, nor does he claim those alternatives to working for a licensed private detective agency are illusory.

Weipert has not carried his burden of clearly establishing section 75(a)(6) as amended has the effect of granting the private detective business a monopolistic right to instruct.

### 2. *Calculated To Enhance Expertise*

■ Weipert next argues section 75(a)(6) of the Private Detective Act is unconstitutional because its apprenticeship provision fails to enhance the expertise of prospective licensees.

However, Weipert does not claim experience working as an investigator for a licensed attorney, a State's Attorney's office, or a public defender's office would not enhance the expertise of prospective licensees. Instead, Weipert believes the legislature should have allowed investigative experience for an insurance company to qualify as well. Drawing the line in deciding what type of investigative experience qualifies is a matter for legislative, rather than judicial, consideration. See *Cutinello v. Whitley*, 161 Ill. 2d 409, 421, 641 N.E.2d 360, 365 (1994).

Weipert has failed to carry his burden of clearly establishing section 75(a)(6) is not calculated to enhance the expertise of prospective licensees.

### E. Due Process

■ Weipert asserts section 75(a)(6) fails to bear a reasonable relationship to the end of protecting the public because it cannot be structured to enhance Weipert's "impressive" investigative experience. We disagree.

The State, pursuant to its inherent police powers, may regulate businesses for the protection of the public health, safety, and welfare. *Johnson*, 308 Ill. App. 3d at 512, 720 N.E.2d at 357. The police power, however, has constitutional limits, and any measure enacted or adopted in its exercise must bear some reasonable relation to the purposes for which the power may be exercised. *Hanna v. City of Chicago*, 331 Ill. App. 3d 295, 305, 771 N.E.2d 13, 21 (2002).

When the challenged statute does not affect a fundamental constitutional right, we apply the rational basis test to determine whether the statute violates due process. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 446, 701 N.E.2d 1056, 1062 (1998). Under this test, we presume the statute to be valid, and the party challenging the statute has the burden of proving that the statute is irrational. *People v. Fuller*, 324 Ill. App. 3d 728, 732, 756 N.E.2d 255, 258 (2001). Our role is not to determine whether the legislature has chosen the best or most effective means of resolving the problems addressed by a statute. *People v. Falbe*, 189 Ill. 2d 635, 640, 727 N.E.2d 200, 204 (2000). We will uphold a statute as long as a conceivable basis for finding a rational relationship exists. *Fuller*, 324 Ill. App. 3d at 732, 756 N.E.2d at 258-59.

The legislature has an interest in protecting the public from unskilled private detectives. See 225 ILCS 446/95(c) (West 2000) (examinations, which test the minimum amount of knowledge and skill needed to perform duties, are in the interest of protecting the public). The legislature may reasonably require an applicant for licensure to have practical experience, such as an apprenticeship, as a prerequisite to licensure. *Johnson*, 308 Ill. App. 3d at 512, 720 N.E.2d at 357.

Although working as a registered private detective employee undoubtedly provides the most practical experience for private detecting, the legislature may not confer a monopolistic right to instruct. Thus, the legislature allows other investigative experience to qualify, but only if the prospective licensee works as an investigator for a licensed attorney or a law enforcement agency of a federal or State political subdivision, which includes a State's Attorney's office or a public defender's office.

We hold the experience requirement in section 75(a)(6) is a reasonable means of achieving the legislature's goal of protecting the public. The legislature conceivably could have decided to limit the types of qualifying investigative experience to those positions, in the legislature's judgment, providing the closest match to a registered private detective employee. Many jobs provide differing degrees of "investigating" experience, but measuring those differences could be too complex. On the other hand, a simple rule qualifying experience on an equal basis from too many occupations could fail to protect the public. Weipert has not demonstrated his experience at State Farm is superior to any of the types of qualifying experience in section 75(a)(6) for purposes of becoming a licensed private detective.

Weipert has failed to carry his burden of proving section 75(a)(6) is irrational.

## F. Equal Protection

■ Weipert claims section 75(a)(6) violates the state and federal equal protection clauses. Weipert notes insurance adjusters and law enforcement are both exempt from the Private Detective Act, but experience as an insurance adjuster does not qualify under section 75(a)(6).

Because section 75(a)(6) neither affects a fundamental right nor involves a suspect classification, we employ the rational basis test. *Miller v. Rosenberg*, 196 Ill. 2d 50, 59, 749 N.E.2d 946, 952 (2001). If any set of facts can reasonably be conceived to justify the classification, it must be upheld. *Miller*, 196 Ill. 2d at 59, 749 N.E.2d at 952. If the reasonableness of the statute is fairly debatable, this court will defer to the legislative judgment and uphold the statute. *People v. McCormick*, 332 Ill. App. 3d 491, 496, 774 N.E.2d 392, 396 (2002).

As stated, the legislature conceivably could have decided to limit the types of qualifying investigative experience to those positions, in the legislature's judgment, providing the closest match to a registered private detective employee. Weipert has not demonstrated his experience at State Farm is superior to any of the types of qualifying experience in section 75(a)(6) for purposes of becoming a licensed private detective. Weipert has failed to carry his burden of demonstrating the legislature's classification in section 75(a)(6) is unreasonable.

■ Finally, Weipert argues section 75(a)(6) violates equal protection because it requires prospective licensees to be registered while working in licensed private detective agencies but not while working for a licensed attorney or in law enforcement. However, Weipert has no standing to raise this issue. See *Bruso v. Alexian Brothers Hospital*, 178 Ill. 2d 445, 460, 687 N.E.2d 1014, 1020 (1997) (to have standing to raise an equal protection claim, the party must be a member of the class against whom the statute allegedly discriminates).

We conclude the Department did not err in denying Weipert's application to sit for the private detective examination.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, P.J., concurs.

JUSTICE COOK, dissenting:

There have been problems with the Private Detective Act over the years.

In 1995, the supreme court held unconstitutional the portion of the Private Detective Act requiring licensing for private alarm contractors. *Church v. State*, 164 Ill. 2d 153, 168, 646 N.E.2d 572, 580 (1995) ("No matter how well qualified a person may be by instruction, training[,] or prior experience, he or she can *never* of his or her own free will become a licensed private alarm contractor unless a member of *the regulated industry* is willing to hire him or her on a full-time basis for the requisite time period in a particular capacity" (emphases added)). In 1999, this court held unconstitutional the portion of the Private Detective Act dealing with the licensing of private detectives that required three years' experience during the last five years working full-time for a licensed private detective agency or as a full-time investigator in a law enforcement agency. *Johnson*, 308 Ill. App. 3d at 513, 720 N.E.2d at 358 ("No justification appears for limiting work in the broad areas covered in section 75(a)(6) of the [Private Detective] Act to retired police officers and those selected by the private detective business").

The history of the Private Detective Act has been one of adding to its many exceptions whenever a challenge is made. The Department sought to appeal our decision in *Johnson*, and leave to appeal was granted by the supreme court. The Department then chose to withdraw its appeal, and the statute was amended to allow prospective licensees to meet the experience requirement by working as a full-time investigator "for a licensed attorney" or for "a State's Attorney's office or a [p]ublic [d]efender's office." Pub. Act 91—815, § 5, eff. June 13, 2000 (2000 Ill. Laws 1409, 1412). The amendment was narrowly tailored to eliminate the plaintiffs in *Johnson* as potential litigants. The question now before us is whether the amendment solves the constitutional problems of the Private Detective Act.

As an aside, although work as a full-time investigator for a licensed attorney now suffices to meet the experience requirement, the Private Detective Act was not amended to allow the employees of attorneys to work as investigators. See *Johnson*, 308 Ill. App. 3d at 511, 720 N.E.2d at 356 ("Attorneys may look for and talk to witnesses without a private detective's license (225 ILCS 446/30(2) (West 1996)) but it appears their paralegals may not"). Employees of law enforcement agencies may perform investigations without violating the Private Detective Act. 225 ILCS 446/30(a)(1) (West 2000). Employees of insurance adjusters may perform investigations without violating the Private Detective Act. 225 ILCS 446/30(a)(4) (West 2000). The statute contains no such exemption for employees of attorneys, only for "[a]n attorney-at-law licensed to practice in Illinois while engaging in the practice of law." 225 ILCS 446/30(a)(2) (West 2000).

Should the private detective business be the exclusive domain of retired police officers and those they choose to employ? The definition of "private detective" is a very broad one. A private detective's license is required of anyone who by any means makes investigations, for a fee, of (1) crimes; (2) the identity, conduct, credibility *et cetera,* "of any person, firm, association, or corporation"; (3) lost or stolen property; (4) the cause or responsibility for fires, accidents, or injuries; (5) "[t]he truth or falsity of any statement"; or (6) leading to "[s]ecuring evidence to be used before any court," board, or committee. 225 ILCS 446/5 (West 2000). Under that definition almost everybody is a private detective. "Every employee who investigates anything in the course of his or her employment, without a private detective's license, arguably violates the [Private Detective] Act." *Johnson,* 308 Ill. App. 3d at 511, 720 N.E.2d at 356.

Under the above definition, Weipert, as an insurance adjuster, has been acting as a private detective for the past 10 years. Insurance adjusters make investigations of crimes, the identity and credibility of persons, lost or stolen property, the cause of and responsibility for accidents, the truth or falsity of statements, and to secure evidence. The Private Detective Act itself recognizes that insurance adjusters perform the work of private detectives. The Private Detective Act resolves that problem by exempting insurance adjusters from its coverage. 225 ILCS 446/30(a)(4) (West 2000). The majority tells us that "[d]rawing the line in deciding what type of investigative experience qualifies is a matter for legislative, rather than judicial, consideration." 337 Ill. App. 3d at 288. The legislature did draw the line. The legislature, by exempting insurance adjusters from the requirements of the Private Detective Act, recognized that insurance adjusters perform and are capable of performing the work of private detectives.

Weipert could do any of the things private detectives do, while he was acting as an insurance adjuster. What sense does it make to prohibit Weipert from doing the same things he has done for the last 10 years if he is no longer employed by an insurance company? "Given the breadth of section 5 of the [Private Detective] Act, some covered investigations require experience and training in fields other than police work." *Johnson,* 308 Ill. App. 3d at 514, 720 N.E.2d at 358. It is difficult to understand how a retired policeman is better qualified than a former insurance adjuster to investigate "[t]he cause, origin, or responsibility for fires, accidents, or injuries to real or personal property." 225 ILCS 446/5(4) (West 2000) (definition of "private detective").

The supreme court was critical of a licensing scheme where a qualified person "can *never* of his or her own free will become a

licensed private alarm contractor unless a member of *the regulated industry* is willing to hire him or her on a full-time basis for the requisite time period in a particular capacity." (Emphases added.) *Church*, 164 Ill. 2d at 168, 646 N.E.2d at 580. The majority would define the phrase "regulated industry" narrowly: "The issue is whether section 75(a)(6) confers on the *private detective business* a monopolistic right to instruct." (Emphasis in original.) 337 Ill. App. 3d at 288. Under the majority's view, the private detective business does not have a monopoly because work as an "investigator in a law enforcement agency" suffices; applicants can satisfy the statutory requirements without working for a licensed private detective. I suggest that *Johnson* rejects that argument. The Private Detective Act essentially makes the private detective business the exclusive domain of retired police officers and those they choose to employ. Allowing retired police officers to become licensed private detectives does not provide an independent alternate route to a license; it is the very monopolistic practice which was criticized in *Johnson*.

According to the majority, the constitutional problems we found in *Johnson* no longer exist because the legislature "has since expanded the types of qualifying work experience by amending section 75(a)(6)." 337 Ill. App. 3d at 287. If it is conceded that *Johnson* was correctly decided and there was a constitutional problem before the amendment (the Department does not so concede), it is difficult to accept that the very limited amendment which was made solves that problem. There would seem to be a large population of insurance adjusters (and others) who could not readily qualify as private detectives by working full-time for a licensed attorney or a State's Attorney's office or a public defender's office. The majority recognizes that, under *Church*, a scheme where a person can "never" become licensed without industry approval is unconstitutional. The majority would distinguish a scheme where the person can "hardly ever" become licensed without industry approval. I suggest that formalistic approach is contrary to the substance of the holding in *Church*.

Section 75(a)(6) of the Private Detective Act is unconstitutional. The Private Detective Act, as amended, affords monopolistic control over the private detective business to retired police officers and those they employ as private detectives. There is no rational distinction between Weipert and retired police officers insofar as protection of the general public is concerned. I would reverse the decision of the circuit court.